648 A.2d 1192

Teresa BALL, Appellant,

v.

Thomas MINNICK, Appellee.

Supreme Court of Pennsylvania.

Argued Sept. 20, 1993.

Decided Oct. 24, 1994.

Donald R. Shroyer, Laurel Legal Services, Inc., Greensburg, for appellant.

William L. Garvin, McKeesport, Stanley I. Selkowitz, Pleasant Hills, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## *OPINION OF THE COURT*

CAPPY, Justice.

This case presents us with the opportunity to elucidate the scope of our current support guidelines contained in Rule 1910.16–1 *et seq.* of the Pennsylvania Rules of Civil Procedure. More specifically, we must determine whether the trial court correctly ordered child support in an amount lower than the guideline figure suggests. For reasons other than those relied upon by the learned Superior Court, we agree that the order of the trial court must be reversed. Accordingly, we affirm, in part, the Order of the Superior Court.

In October, 1989, appellant, Teresa Ball, filed a petition for modification of child support with respect to her and appellee's two children, both of whom were, at that time, living with appellant. An Order requiring appellee to pay $500.00 per month was entered upon recommendation of a Domestic Relations Hearing Officer. Believing that the award was too high, appellee sought a *de novo* hearing in the Court of Common Pleas of Westmoreland County. Following the hearing, the trial court ordered appellee to pay $400.00 per month, while the guidelines suggested the amount of $513.00 per month. In its opinion in support of its order, the trial court found the following:

Plaintiff resides with her husband, their child and the two children of the parties who are the subject of the current support order. Plaintiff has been employed as a waitress, and has a minimum wage earning capacity. She is currently off work after having surgery, but plans to return to work in the near future. Her present husband is not employed and no explanation of his status was presented at trial. It is axiomatic that he has a duty to contribute to the support of his wife and child. The total monthly budget of Plaintiff's household is $850.00 per month. The parties children constitute forty per cent of that household, and the sum of $340.00 per month reflects their reasonable needs. The Court has concluded that the reasonable needs of the children are about $400.00 per month.

Defendant earns $1,705.00 per month. He resides with his wife and her two children from a prior union. Application of the support guidelines at $1,705.00 per month for defendant and $400.00 per month earning capacity for plaintiff suggests an Order of $513.00 per month.

This Court is aware that the guidelines are a starting point only. The Court has considered the expenses of both parties and their standard of living. It is clear that an Order of $400.00 per month meets all the basic needs of the children, so that any contribution made by plaintiff will serve to enhance the standard of living of the children. The Court believes that an award in the guideline amount would

require this defendant to pay 60% of the expenses of Plaintiff's household, and thus subsidize plaintiff's current husband and their child. Considering all factors, this Court concluded that an Order of $400.00 per month for two children is fair and reasonable.

Appellant appealed that decision to the Superior Court arguing that the trial court erred in awarding only $400.00 per month. A majority of the Superior Court, which heard the case *en banc*, reversed and remanded the matter for further proceedings. In doing so, it found that while child support could be determined in numerous ways including, *inter alia*, the implementation of the support guidelines, Pa.R.C.P. 1910.16–1 *et seq.*, or the formula set forth in *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984), the trial court here erred by not considering all the relevant factors. Specifically, the Superior Court found that the trial court failed to consider the income of each parent's respective spouses and also failed to support its award by not setting forth sufficient detail regarding the reasonable needs of these two children. With respect to the applicability of the guidelines, the Superior Court held as follows:

> Thus we conclude the guidelines are not mandatory, but a starting point and by implication they cannot and do not supersede *Melzer* or deny the trial judge or hearing officer of the discretion to mold support Orders to meet the specific conditions of the parties.

*Ball v. Minnick*, 414 Pa.Super. 242, 256, 606 A.2d 1181, 1188 (1992). The Superior Court went on to state that "the traditional broad discretion in the trial court to determine these matters remains unrestricted." *Id.* at 262, 606 A.2d at 1191.

■ In so holding, the Superior Court misperceives the effect of the adoption of the guidelines and sets forth an incorrect statement of the law. First, with respect to the viability of the *Melzer* formula, the Superior Court ignores the clear and unambiguous language of the guidelines and corresponding rules. In *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984), this Court set forth a formula for determining child support obligations based upon the reasonable needs of

the particular child or children involved together with the respective abilities of each parent to support their children. In 1989, however, this Court adopted the support guidelines found at Pa.R.C.P. 1910.16–1 *et seq.* Rule 1910.16–5 specifies in detail the applicability of the guidelines. Initially, the rule makes clear that the *Melzer* formula applies *only* where the parties' combined income exceeds the amount of the guideline income figures. Thus, the Superior Court erred in holding that the guidelines do not supersede the *Melzer* formula. The clear and unambiguous wording of Rule 1910.16–5 provides that the *Melzer* formula is no longer viable where the parties' incomes fall within the guideline figures. This is true even where the finder of fact, upon application of the guideline rules, determines that a deviation from the recommended guideline figure is warranted.

The Superior Court also erred with respect to its conclusion that the trial judge or hearing officer's discretion remains inviolate irrespective of the adoption of the guidelines and accompanying rules. Rule 1910.16–1 explicitly states that the amount of support, whether it be child support, spousal support or alimony pendente lite, shall be determined in accordance with the support guidelines which consist of not only the grids set forth in Rule 1910.16–2 and the formula set forth in Rule 1910.16–3, but also Rule 1910.16–5 which discusses in detail the operation of the guidelines. The rules make clear that the amount of support as determined from the support guidelines is presumed to be the appropriate amount of support and that any deviation must be based on Rule 1910.16–4.

In the instant case, the trial court deviated from the support guidelines by awarding monthly support of $400 rather than the guideline amount of $513. The sole issue before this Court is thus whether this case presents any basis for deviation.

The standard of appellate review of child support matters has not changed; a reviewing court must continue to apply an abuse of discretion standard. *Costello v. LeNoir,* 462

Pa. 36, 337 A.2d 866 (1975). A support order will not be disturbed on appeal unless the trial court failed to consider properly the requirements of the Rules of Civil Procedure Governing Actions for Support, Pa.R.C.P. 1910.1 *et seq.*, or abused its discretion in applying these Rules. *O'Callaghan v. O'Callaghan,* 530 Pa. 176, 607 A.2d 735 (1992); *Hovis v. Hovis,* 518 Pa. 137, 541 A.2d 1378 (1988); *Barletta v. Barletta,* 506 Pa. 404, 485 A.2d 752 (1985); *LaBuda v. LaBuda,* 349 Pa.Super. 524, 503 A.2d 971 (1986), *appeal denied,* 514 Pa. 648, 524 A.2d 494 (1987).

As we said previously, deviations are governed by Rule 1910.16–4 in support proceedings involving parties whose incomes fall within the guideline figures.[1] Subsection (b) of this Rule sets forth the only factors that a trier of fact may consider in determining whether to deviate. The trier of fact is required to consider *all* relevant factors and any one factor alone will not necessarily dictate that the amount of support should be other than the guideline figure. Rather, the trier of fact must carefully consider all the relevant factors and make a reasoned decision as to whether the consideration thereof suggests that there are special needs and/or circumstances which render deviation necessary. Furthermore, where the trier of fact does determine that the circumstances warrant a departure from the guideline amount, the justification for any such deviation must be explicitly set forth in writing, giving particular attention to those factors which this Court, in

---

1. Pa.R.C.P. 1910.16–4 provides:
    (a) If the amount of support deviates from the amount of support determined by the guidelines, the trier of fact shall specify, in writing, the guideline amount of support, and the reasons for, and findings of fact justifying, the amount of the deviation.
    (b) In deciding whether to deviate from the amount of support determined by the guidelines, the trier of fact shall consider
        (1) unusual needs and unusual fixed obligations;
        (2) other support obligations of the parties;
        (3) other income in the household;
        (4) ages of the children;
        (5) assets of the parties;
        (6) medical expenses not covered by insurance;
        (7) standard of living of the parties and their children; and
        (8) other relevant and appropriate factors, including the best interests of the child or children.

adopting the guidelines, has specifically deemed relevant. *See* Pa.R.C.P. 1910.16–4(a). General references to the effect that "all relevant factors have been considered" is wholly insufficient.

█ The presumption is strong that the appropriate amount of support in each case is the amount as determined from the support guidelines. However, where the facts demonstrate the inappropriateness of such an award, the trier of fact may deviate therefrom. This flexibility is not, however, intended to provide the trier of fact with unfettered discretion to, in each case, deviate from the recommended amount of support. Deviation will be permitted only where special needs and/or circumstances are present such as to render an award in the amount of the guideline figure unjust or inappropriate.

In the instant matter, there was no evidence presented which established any special obligations or special circumstances justifying an award lower than the recommended guideline figure. The trial court's primary reason for deviating from the support guidelines was that the basic needs of the children could be met by a payment of less than the guideline amount. This is an impermissible basis for deviating from the guidelines.

█ Under established Pennsylvania case law, a parent has a duty to provide for the reasonable needs of his or her children to the best of his or her ability. This support obligation is not limited to the basic necessities of life. The children's reasonable needs include any expenditure that will reasonably further the child's welfare. Thus, unless a child enjoys an unusually high standard of living, the amount of the support obligation is based on a parent's ability to pay child support rather than the amount of money required to pay for those essential and nonessential items that would reasonably further the child's welfare. *Conway v. Dana,* 456 Pa. 536, 318 A.2d 324 (1974); *Melzer v. Witsberger,* 505 Pa. 462, 480 A.2d 991 (1984).

The support guidelines were promulgated pursuant to the Act of October 30, 1985, as amended, 23 Pa.C.S. § 4322, which

provides that child and spousal support shall be awarded pursuant to statewide guidelines as established by general rule by the Supreme Court of Pennsylvania. This legislation provides that:

> [t]he guideline[s] shall be based upon the reasonable needs of the child or spouse seeking support and the ability of the obligor to provide support. In determining the reasonable needs of the child or spouse seeking support and the ability of the obligor to provide support, the guideline[s] shall place primary emphasis on the net incomes and earning capacities of the parties, with allowable deviations for unusual needs, extraordinary expenses and other factors, such as the parties' assets, as warrant special attention.

23 Pa.C.S. § 4322.

The support guidelines are based on the principle embodied in the case law that the financial support of a child is a primary obligation of each parent. Since the child's needs receive priority, the support obligation consists of that portion of the parents' incomes that is reasonably available for child support. This approach is also mandated by 23 Pa.C.S. § 4322 which provides for the reasonable needs of a child to be determined through the use of the guidelines that place primary emphasis on the net incomes and earning capacities of the parents.

As the Explanatory Comment to Rule 1910.16–1 notes, the child support guidelines are based on the Income Shares Model developed by the Child Support Guidelines Project of the National Center for State Courts, the premise of which is that there should be available for the needs of a child of separated parents the same proportion of parental income that would have been available for the needs of that child if the parents lived together. The guidelines assume that similarly situated parties, at least with respect to income levels, will have similar reasonable needs and expenses. The reasonable needs of the child as well as the reasonable expenses of the obligor are factored into the support guidelines. The support guideline amount is presumed to be (1) a pay-

ment which the obligor can reasonably afford and (2) a payment that is reasonably necessary to further the child's welfare. The clear intent of the guidelines, therefore, was to do away with individual, case-by-case determinations of just what constitutes the *reasonable needs and expenses* of the particular parties involved and thus to limit the trial court's discretion. In other words, the trier of fact need not, nor should he or she, consider in the first instance, the actual expenses of the parties in an effort to establish the reasonable needs of a particular child. Instead, the trier of fact must assume initially that the guideline amount constitutes the amount necessary to meet the reasonable needs of the child.

Under Rule 1910.16–4, a court may not deviate from the guidelines on the ground that the child does not need this amount of money. This is not a factor that is set forth in Rule 1910.16–4(b). While subsection (7) of that Rule which references the standard of living of the parties might seem at first blush to support the trial court's reasoning, we find that given the premises on which the guidelines are based, subsection (7) was not intended to justify the downward modification of the guideline figures absent a showing of special needs and/or circumstances. Again, the purpose of the support guidelines is to make available for the children's reasonable needs the full amount of the guideline figure unless unusual obligations of the obligor limit his or her ability to pay the guideline amount.

Since the trial court considered a factor that should not have been considered in entering the support award here, an abuse of discretion is readily apparent. Moreover, as there were no additional relevant factors which would support the trial court's award, application of the above principles dictates that an award in the amount of the appropriate guideline figure should have been awarded. Accordingly, for reasons other than those articulated by the learned Superior Court, the decision of the Superior Court reversing the trial court's award is affirmed. The case is remanded for the imposition of an award in the amount of the appropriate guideline figure.

LARSEN, J., did not participate in the decision of this case.

FLAHERTY, J., files a dissenting opinion in which PAPADAKOS, J., joins.

MONTEMURO, J., is sitting by designation.

Justice, FLAHERTY, dissenting.

I emphatically dissent. The support guidelines provide a starting point to calculate what child support should be paid in a given case. There is, as the majority states, a presumption that the guidelines are correct, but this presumption can always be rebutted by a presentation of facts in the case which suggest that the amount paid should be more or less than the guideline.

The guiding principle is that the absent parent should pay his or her fair share of what is required to support the children.

In many cases, that need is uncertain and so the guidelines are relied upon. In this case, the need is defined. The custodial parent, the mother, tells us, through submission of her monthly budget, that she requires $850 per month to support her family of five. Because only two of these five people are the non-custodial father's responsibility to support, the trial court properly multiplied the required $850 by 40%, the percentage of the mother's new family represented by the non-custodial father's children. This calculation yields the amount of $340. Out of an abundance of caution, the court then increased that amount to $400 per month.

This calculation and reasoning process were entirely proper. The whole purpose of the guidelines and of support hearings generally is to determine what amount of money is needed to support the children and to require both parents to pay their fair share of that need. This is exactly what the trial court did.

Furthermore, the trial court properly explained its deviation from the guideline. As Rule 1910.16–4(b)(7) requires, the court must consider, inter alia, "standard of living of the

parties and their children." In basing its order on the monthly budget for the family as presented by the mother, the court appropriately considered the standard of living of the parties and their children.

The majority "finds" that subsection (7) of Rule 1910.16–4(b) cannot be used to justify a downward modification of the guideline. The justification for this remarkable determination is "the premises on which the guidelines are based." Needless to say, this justification justifies nothing. By definition, a guideline must be able to be modified upwards *or* downwards, depending on the facts of the case.

Generally, I agree with the majority's conclusion that "the purpose of the support guidelines is to make available for the children's reasonable needs the full amount of the guideline figures unless unusual obligations of the obligor limit his or her ability to pay the guideline amount," but this has no application where the parties tell us what amount is needed to support the children and that amount is different from the guideline.

The trial court is correct in reasoning that on the facts of this case, if the father were required to pay the guideline amount, he would, in effect, be subsidizing the mother's new husband and child in addition to supporting his own children. Such a result defies rationality.

PAPADAKOS, J., joins this dissenting opinion.