670 A.2d 708

**Robyn M. MELE, Appellant,**

v.

**Carmen OLIVA.**

Superior Court of Pennsylvania.

Submitted Oct. 25, 1995.

Filed Jan. 23, 1996.

Robert D. Clark, New Wilmington, for appellant.

Norman J. Barilla, New Castle, for appellee.

Before TAMILIA, FORD ELLIOTT and CERCONE, JJ.

TAMILIA, Judge:

Robyn M. Mele takes this appeal from the February 6, 1995 Order dismissing her complaint in support and rejecting the request of the Domestic Relations Section for blood tests. According to the record, appellant/mother gave birth to a child born April 17, 1987, whereupon appellee informed her he wanted to be a father to the child and accept the responsibili-

ties as the father. Mother, however, rejected appellee's request by informing him he was not the biological father and refused to allow him to visit the child.

On May 22, 1987, mother filed a complaint in support naming appellee as the father, but appellee denied paternity. Shortly after filing the complaint, mother, pursuant to a voluntary motion for discontinuance, averred appellee was not the father of the child, thus the court granted the motion and discontinued the case. On November 10, 1993, mother filed the instant complaint in support, again claiming appellee was the father. In her complaint, she alleged at the time of the first complaint she was only 18 years old, immature and was intimidated by appellee to dismiss the claim. Appellee, on the other hand, responded to the complaint by filing a motion to dismiss on the theories of res judicata, equitable estoppel and laches. The trial court, following a hearing on the matter, determined mother's testimony incredible and that appellee refrained from any contact with the child, married and had a child, all in detrimental reliance of mother's statement he was not the child's father. Accordingly, the trial court, applying the doctrine of equitable estoppel, granted appellee's motion to dismiss the support complaint and dismissed the request for blood tests.

On appeal to this Court, mother argues appellee failed to meet his burden under the doctrine of equitable estoppel, and he entered court with unclean hands, based upon the threats made to her and her son. Mother also argues public policy requires that fathers be identified for any child living in this Commonwealth, and the trial court's ruling, in essence, permits a mother to contract away the rights of her child.

■ This Court's standard of review for a child support Order is a narrow one based upon an abuse of discretion. In these matters, abuse of discretion requires more than error of judgment, rather it requires an overriding or misapplication of the law or a manifestly unreasonable exercise of judgment. *Ball v. Minnick*, 414 Pa.Super. 242, 606 A.2d 1181 (1992), *affirmed* 538 Pa. 441, 648 A.2d 1192 (1994). Initially, we note

the trial court applied the general rules of equitable estoppel to find prejudice to appellee as a result of his reliance upon mother's prior statements.

Equitable estoppel arises when a party by acts or representation intentionally or through culpable negligence, induces another to believe that certain facts exist and the other justifiably relies and acts upon such belief, so that the latter will be prejudiced if the former is permitted to deny the existence of such facts.

*Curran v. Eberharter,* 361 Pa.Super. 65, 74, 521 A.2d 474, 479–480 (1987) (citations omitted).

■ First, we hold the general rules of equitable estoppel are not applicable in deciding the issue of paternity under the facts of this case. We find no hardship/prejudice endured by appellee even if the principles of estoppel applied. To the contrary, appellee has lived seven years with no responsibilities or burdens of parenthood and with no financial obligation to the child. Moreover, there is no evidence he would have foregone marriage and a child had he been required to pay support.

Next, we look to the theory of equitable estoppel as it applies to paternity, which the trial court acknowledged but incorrectly addressed. Specifically, our Supreme Court recently addressed the theory of equitable estoppel as it has developed in the area of paternity.

[U]nder certain circumstances, a person might be estopped from challenging paternity where that person has by his or her conduct accepted a given person as the father of the child. These estoppel cases indicate that where the principle is operative, blood tests may well be irrelevant, for the law will not permit a person in these situations to challenge the status which he or she has previously accepted. However, the doctrine of estoppel will not apply when evidence establishes that the father failed to accept the child as his own by holding out and/or supporting the child.

*Jones v. Trojak,* 535 Pa. 95, 105–106, 634 A.2d 201, 206 (1993) (citations omitted). Here, the mother has not held out anoth-

er person to be the father of the child nor has the record established such a relationship to the child with another man.

After thorough research, we have found no caselaw supporting the trial court's rationale a mother may be estopped from pursuing the paternity of the alleged father because of detrimental reliance on his part. The trial court, in relying on estoppel, cited *Commonwealth ex rel. Gonzalez v. Andreas,* 245 Pa.Super. 307, 369 A.2d 416 (1976), which held that a father who supported a child for three years, after marrying the mother and holding the child out to be his, was estopped from denying paternity. This holding cannot be applied to deny a mother the right to pursue a paternity action when the paternity of the child has not been established pursuant to law. The trial court's application of *Gonzalez* is antithetical to its meaning and the principles of family law and public policy. A mother has 18 years from the birth of a child born out of wedlock to commence an action or proceeding to determine paternity. 23 Pa.C.S. § 4343. *See Clark v. Jeter,* 486 U.S. 456, 108 S.Ct. 1910, 100 L.Ed.2d 465 (1988) (Pennsylvania six-year statute of limitations (since repealed) did not withstand heightened scrutiny under equal protection claims; even six years did not provide reasonable opportunity to assert claim on behalf of illegitimate child). Clearly, a seven-year time frame does not violate this statute or raise an issue of laches. The discussion in *Jeter* by the Justices of the Supreme Court indicated their concern that the many currents and events which occur in the mother's life and the varying needs of the child during minority preclude denial of an action in paternity when the need arises, despite the passage of several years. Accordingly, here, as in any proceeding involving a minor child, of paramount concern is the best interests of the child. *John M. v. Paula T.,* 524 Pa. 306, 571 A.2d 1380 (1990). Considering the best interests of the child, it clearly is against public policy to permit one parent to sign away the rights of the child to support. To rule otherwise places the onus on the mother alone or the Commonwealth to support a child when the father very well may be capable of providing support. Regardless of the reasons for mother's request to

discontinue the initial support claim or the circumstances surrounding the proceedings, this Court cannot permit the actions of the parties to control the determination of paternity and corresponding duty of support. Moreover, no statements, contracts or agreements by and with the mother will so prejudice an alleged father to the extent it would totally relieve him of the duty to support. Paternity proceedings involve two considerations. The first is a determination of paternity which must legally be made through acknowledgement, pursuant to 23 Pa.C.S. § 5103, **Acknowledgement and claim of paternity,** marriage to the mother of the child or pursuant to an action to determine paternity, pursuant to 23 Pa.C.S. § 4343(a), **Paternity.**

Only after the paternity of the child has been established may the court proceed to determine the support obligation. This finding is made in the same fashion as is support for children born during wedlock and is made pursuant to the support law and support guidelines. Under these proceedings, the alleged father is fully protected from a spurious claim of paternity and is required to pay support only to the extent he is legally obligated. The provision for blood tests and genetic testing have virtually eliminated the likelihood that an erroneous finding of paternity will be made despite the passage of time. *See Jeter, supra.*

Accordingly, we find the trial court erred in applying the doctrine of equitable estoppel and granting appellee's motion to dismiss. We therefore vacate the Order of the trial court and remand this case for determination of paternity and support if required.

Order vacated; case remanded.

Jurisdiction relinquished.