**Sudha NISCHAL, Appellee,**

v.

**Manu NISCHAL, Appellant.**

Superior Court of Pennsylvania.

Argued May 25, 2005.

Filed July 14, 2005.

Kimberly A. Spotts–Kimmel, Allentown, for appellant.

Charles A. Banta, Allentown, for appellee.

Before: DEL SOLE, P.J.; BENDER and OLSZEWSKI, JJ.

OPINION BY OLSZEWSKI, J.:

¶ 1 This is an appeal from a child support order issued by the Lehigh County Court of Common Pleas, wherein it was ordered that appellant pay $498.00 per month in child support. We affirm.

¶ 2 Manu Nischal (appellant/father) and Sudha Nischal (appellee/mother) were married and resided in India until father immigrated to the United States in 2001.[1] Aprajita Singh (child) was born on October 19, 2001, and paternity tests confirm her to be appellant's daughter. Mother filed a complaint for support of child and a support conference was held, resulting in an interim court order requiring father to pay $498.00 in child support.

¶ 3 The specific order in question was entered following a *de novo* hearing before a master, held at the request of father, where father testified to his belief that the support amount recommended by the master was excessive. Specifically, father argued that the master erred in failing to apply a downward departure from the guidelines based on the fact that India is a third-world country where the standard of living is much lower than that of the United States.

¶ 4 Our standard of review is abuse of discretion. "A support order will not be disturbed on appeal unless the trial court failed to consider properly the requirements of the Rules of Civil Procedure Governing Actions for Support ... or abused its discretion in applying these Rules. *Dennis v. Whitney,* 844 A.2d 1267, 1269 (Pa.Super.2004) (*quoting Christianson v. Ely,* 575 Pa. 647, 838 A.2d 630, 634 (2003)). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will ... discretion is abused." *Id.*

¶ 5 It was determined that appellant's monthly net income was $1,666.16 and that mother was not receiving any income. Order of Court, 7/15/2004, at 1 (Docket entry 12). Therefore, mother was awarded the amount of $498.33.[2] *Id.* Appellant notes that the support "guidelines create a rebuttable presumption that the amount of support derived ... is correct," but he argues that "a deviation from this amount is sanctioned under Rule 1910.16–5 of the Pennsylvania Rules of Civil Procedure." Appellant's Brief, at 10. Appellant specifically points to Rule 1910.16–5(b)(7), which allows the court to consider a downward deviation from the guidelines based on the standard of living of the parties and argues that the facts show "special needs and/or circumstances are present such as

1. Father testified that he first came to the United States on "recreation" but later received an employment opportunity that indefinitely extended his stay and required him to change his immigration status. Due to the events of September 11, 2001, the process required for father's immigration status was extended, prohibiting him from returning to India.

2. This amount reflects both current support and arrearages.

to render an award in the amount of the guideline figure unjust or inappropriate." *Id.* at 11 (*quoting Ball v. Minnick,* 538 Pa. 441, 648 A.2d 1192 (1994)). Appellant's claimed special circumstances refer to the drastic difference in the standard of living between India and the United States. Appellant argues that the cost of living[3] in India is approximately 1/47th or 1/50th the cost of living in the United States, and that the amount of child support awarded would have the effect of making mother and child "millionaires" in their native country.[4]

¶ 6 The closest our courts have come to a similar situation was the case of *Ball v. Minnick,* where a trial court order that allowed for a downward departure from the guidelines because the children's reasonable needs could be met by an amount less than the guidelines was reversed by our Supreme Court. 538 Pa. 441, 648 A.2d 1192 (1994). The Court held that the trial court's rationale provided an "impermissible basis for deviating from the guidelines." *Id.* at 1196. The Court went on to hold that "the clear intent of the guidelines, [therefore], was to do away with individual, case-by-case determinations of just what constitutes the *reasonable needs and expenses* of the particular parties involved and thus to limit the trial court's discretion. In other words, the trier of fact need not, nor should he or she, consider in the first instance, the actual expenses of the parties in an effort to establish the reasonable needs of a particular child." *Id.* at 1197. The Court clearly stated that under the Rules of Civil Procedure, "a court may not deviate from the guidelines on the ground that the child does not need that amount of money." *Id.*[5]

¶ 7 Appellant attempts to escape the clear holding of *Ball* by arguing that while the guidelines assume "similarly situated parties will have reasonable needs and expenses," he and mother are not "similarly situated to those individuals to which the guidelines are typically applied" based on the difference in their standard of living. Appellant's Brief, at 13. Appellant's argument seems to be that while he was living in India with his wife, they were considered middle-class and, therefore, it is the "middle class" existence he should have to provide for his daughter.

3. We note that appellant uses the terms "standard of living" and "cost of living" interchangeably. According to the American Heritage Dictionary of the English Language, the term "standard of living" refers to the "level of material comfort as measured by the goods, services, and luxuries available to an individual, group, or nation," while "cost of living" is defined as "the average cost of the basic necessities of life, such as food, shelter, and clothing." We, therefore, do not agree that the terms should be used interchangeably.

4. Father testified that while living in India, he earned the equivalent of two hundred or two hundred fifty United States dollars, "the typical middle class wage," and that the average monthly cost of living was $250 or $300 in U.S. dollars. N.T., 8/24/2004, at 8, 10. He also testified that the court-ordered support amount would equal approximately 18,500 Rupees (Indian currency). *Id.* at 11. Father provided the lower court with some documents purporting to establish the cost of living and average salaries in India; however, it is unclear from the record exactly how appellant reached his figures.

5. While we have found no other Pennsylvania case dealing specifically with one parent living in a foreign country with a vastly lower "standard of living," courts in other states have handled the situation in a variety of ways. *See Gladis v. Gladisova,* 382 Md. 654, 856 A.2d 703 (2004) (providing analysis of similar cases in Iowa and Louisiana (downward departure not warranted based on different standards of living) and Ohio and Colorado (downward departure warranted based on different standards of living) and ultimately holding that the lower cost of living in Slovak Republic did not justify downward deviation from guidelines).

¶ 8 This argument clearly contravenes the purpose of our child support system, which states simply that a child of separated parents should receive the same proportional amount of income from the parents as they would have if the parents had remained together. "A determination of the reasonable needs of the children depends upon the standard of living that the obligor can afford, not what he is willing to pay for." *Mascaro v. Mascaro,* 569 Pa. 255, 803 A.2d 1186 (2002). Appellant moved to the United States where he greatly increased his earning capacity and his standard of living, yet he argues that his daughter should not now be allowed to benefit from his good fortunes. Additionally, there is no evidence that the support amount awarded is oppressive or confiscatory. We find that the trial court did not abuse its discretion in holding that appellant had failed to establish a reason for a downward deviation, and we affirm.

¶ 9 Order AFFIRMED.