J-A31014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| J.B. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| B.B. | |
| Appellant | No. 477 MDA 2015 |

Appeal from the Order February 12, 2015
In the Court of Common Pleas of Dauphin County
Domestic Relations at No(s): 00952 DR 2014

BEFORE:  PANELLA, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JANUARY 29, 2016**

Appellant, B.B. ("Husband"), seeks review of the trial court's child support order and challenges the court's determination that he should not be granted a downward deviation to account for his monthly student loan payments.  We affirm.

Husband and Appellee, J.B. ("Wife"), married in December 2001 and separated in June 2014.  They have one child, M.B., who was born in 2002. Wife and Husband share equal custody of the child.  Wife is unemployed, but she previously worked as a part-time teacher's aide.  Husband is a physician with Pinnacle Health Emergency.  During their marriage, Husband incurred

_____

[*] Retired Senior Judge assigned to the Superior Court.

student loan debt to attend college and medical school. Husband's remaining balance on his loans is approximately $327,000.

On June 5, 2014, Wife filed a complaint seeking child and spousal support. Following a support conference, the court entered an order directing Husband to pay $2,035 per month in child support.[1] **See** Support Order, 9/5/14.

Thereafter, Husband filed a timely request seeking de novo review. At the de novo hearing, Husband argued that the $18,893.78 monthly net income assigned to him was too high because it was based upon a six-month period of income, rather than the entire year, which more accurately reflected his true income. **See** N.T., Support Hearing, 12/15/14, at 8. Husband also argued that he was entitled to a downward deviation for any support awarded due to the large student loan payments he was making each month. **See id**., at 12-13. Following the hearing, the court issued an order that held the record open to allow Husband to provide a copy of his final 2014 paystub. **See** Order, 12/16/14.

After receiving Husband's paystub information, the court entered a support order. The court concluded that Husband has an earning capacity of $16,161.25 per month. **See** Support Order, 2/12/15. The court concluded

---

[1] The support award was based on the court's determination that Mother's monthly net income was $652.86 and Father's monthly net income was $18,893.78. **See** Support Order, 9/5/14.

that Wife has an earning capacity of $642.82 per month. ***See id***. The court also concluded that Husband was not entitled to a downward deviation due to his monthly student loan payments. ***See*** Trial Court Opinion, 5/13/15, at 3. Thus, applying the child support guidelines, the court ordered Husband to pay $1,463.63 per month, effective January 5, 2015. ***See*** Support Order, 2/12/15. Husband filed a motion for reconsideration, which the court denied. Thereafter, Husband appealed to this Court.[2]

On appeal, Husband raises a single issue for our review. Husband contends that the trial court erred in not reducing his net monthly income by the amount of his monthly student loan payments. ***See*** Appellant's Brief, at 8. Husband argues that the court should have deviated from the support guidelines to account for the $3,374 in student loan payments he makes each month. ***See id***., at 13.

Our standard of review of support orders is well-settled. A support order will not be disturbed on appeal unless the trial court failed to consider properly the requirements of the Rules of Civil Procedure governing actions

_____

[2] Husband's appeal concerns both his spousal and child support obligations under the order. However, because a divorce decree has not yet been entered, the spousal support portion of the order is not appealable. ***See Leister v. Leister***, 684 A.2d 192, 193 (Pa. Super. 1996) (holding that spousal support orders are interlocutory and not appealable when entered during the pendency of divorce claims). Thus, we need only consider issues regarding the child support portion of the order. ***See Capuano v. Capuano***, 823 A.2d 995, 998 (Pa. Super. 2003) (noting that child support orders are final and immediately appealable).

for support or abused its discretion in applying those rules. **See Morgan v. Morgan**, 99 A.3d 554, 559 (Pa. Super. 2014), *appeal denied*, 113 A.3d 280 (Pa. 2015). "We will not interfere with the broad discretion afforded the trial court absent an abuse of discretion or insufficient evidence to sustain the support order." **Id**. (citation omitted). "[A]n abuse of discretion requires proof of more than a mere error of judgment, but rather evidence that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice or partiality." **Portugal v. Portugal**, 798 A.2d 246, 249 (Pa. Super. 2002) (citations omitted).

The trial court made the following observations with respect to Husband's argument that he was entitled to a downward deviation due to his monthly student loan payments.

> Under the Support Guidelines, in determining a party's net income, only the items enumerated thereunder may be deducted from gross income to arrive at the net income figure. Pa.R.C.P. 1910.16-2(c) (only taxes, FICA payments, non-voluntary retirement payments, mandatory union dues and alimony may be deducted from gross income). Student loans are not included as an item that may be deducted from gross income. As such, father was clearly unentitled to a reduction in his income for student loan payments.
>
> Father was also not entitled to a deviation. Under the Support Guidelines, the amounts calculated thereunder are presumed to be the correct amounts of support. Pa.R.C.P. 1910.16-1(d). This presumption can be rebutted where the fact finder determines that the award "would be unjust or inappropriate." Id. The presumption that the Guideline support amount is correct is a strong one. Ball v. Minnick 648 A.2d 1192, 1196 (Pa. 1994). Father seeks a deviation from the presumptive amount. The relevant Rule provides as follows:

**Rule 1910.16-5.  Support Guidelines. Deviation**

(a)    Deviation.  If the amount of support deviates from the amount of support determined by the guidelines, the trier of fact shall specify, in writing or on the record, the guideline amount of support, and the reasons for, and findings of fact justifying, the amount of the deviation.

> *Note:* The deviation applies to the amount of the support obligation and not to the amount of income.

(b)    Factors.  In deciding whether to deviate from the amount of support determined by the guidelines, the trier of fact shall consider:

(1)    unusual needs and unusual fixed obligations;
(2)    other support obligations of the parties;
(3)    other income in the household;
(4)    ages of the children;
(5)    the relative assets and liabilities of the parties;
(6)    medical expenses not covered by insurance;
(7)    standard of living of the parties and their children;
(8)    in a spousal support or alimony pendent lite case, the duration of the marriage from the date of marriage to the date of final separation; and
(9)    other relevant and appropriate factors, including the best interests of the child or children

Pa.R.C.P. 1910.16-5.

Father seeks a deviation ostensibly on the basis that his student loans constitute "unusual fixed obligations."  This type of obligation is not an unusual one but is instead one quite common.  In addition, the amount he pays per month is not unusually high given that it represents a manageable portion of his monthly net income, $3,374 out of a $16,161 monthly net income, or 21% thereof.  Furthermore, father presented no evidence whatsoever that he has other expenses exceeding his income such that he is unable to meet those monthly student loan payments.  Finally, the record before the court revealed that father has chosen to pay a higher monthly amount than he is required under the terms of his various student loans and thus, to the extent he has any difficulty meeting his payments, he has the option to extend and reduce his loan payments.

(N.T. 12, 14)  A deviation in support was clearly inappropriate under these circumstances.

Trial Court Opinion, 5/13/15, at 4-5.

We agree with the trial court's reasoning and conclude that Husband was not entitled to a downward deviation due to his monthly student loan payments.  Thus, the court did not abuse its discretion in setting Husband's child support obligations at $1,463.63 per month.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/29/2016