J-S32031-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LYSLE SAYLES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARYANNE I. GRAHAM | : | |
| | : | |
| Appellant | : | No. 527 MDA 2022 |

Appeal from the Order Entered March 7, 2022
In the Court of Common Pleas of York County Domestic Relations at
No(s): DRO 126697,
No. 01519 SA 2021, PACSES 446301233

BEFORE: PANELLA, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED: JANUARY 17, 2023**

Maryanne I. Graham (Mother) appeals from the order, entered in the Court of Common Pleas of York County, requiring Mother to pay monthly child support in the amount of $732.32.[1] After review, we vacate and remand.

Mother and Lysle Sayles (Father)[2] are the parents of one minor child (Child) (born April 2007). On December 20, 2021, Father filed a complaint in support for Child. On January 19, 2022, a support conference was held before a master and, on January 25, 2022, the Honorable Maria Musti Cook entered

---

[1] Based on Mother's monthly net income of $3,689.74 and Father's monthly net income of $2,706.49, Mother was ordered to pay $732.32 per month ($666.32/month for child support plus $66.00/month on arrears, effective December 20, 2021). The order also provided that arrears of $1,918.04 as of March 3, 2022 are due in full immediately. *See* Order, 3/3/22.

[2] The parties were never married.

a support order based on Mother's monthly net income of $2,383.09 and Father's monthly net income of $2,706.49.

Both parties filed demands for a *de novo* hearing, which was held before the Honorable Andrea Marceca Strong on March 3, 2022. Following the hearing, Judge Strong entered a final order of support. That order was based on Father's monthly net income of $2,706.49, as Judge Cook had determined, and Mother's monthly net income of $3,689.74, an increase of $1,306.65 from Judge Cook's determination. ***See supra*** n.1.

Mother filed a timely appeal on March 30, 2022. Both Mother and the trial court have complied with Pa.R.A.P. 1925.

Mother raises the following issues for our review:

1. Did the trial court err in calculating an earning capacity for [Mother], rather than [Mother's] actual earnings, as [she] produced evidence regarding her actual earnings and neither party alleged that [Mother] had willfully failed to obtain or maintain appropriate employment, per Pa.R.C.P. 1910.16-2?

2. Did the trial court err in failing to consider [Mother's] recent paystubs or most recent tax returns in its decision?

3. Did the trial court err in including only [Father's] 2021 W2 income of $37,900.00 in its calculation, when [his] tax returns produced at the *de novo* hearing indicated that [Father] also earned business income and had a total adjusted gross income of $51,037.00?

Appellant's Brief, at 3.

The standard governing our review of a child support order is follows:

[T]his Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court

absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias[,] or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*M.E.W. v. W.L.W.*, 240 A.3d 626, 634 (Pa. Super. 2020) (citation omitted).

Furthermore, this Court

must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first hand.

When the trial court sits as fact finder, the weight to be assigned the testimony of the witnesses is within its exclusive province, as are credibility determinations, [and] the court is free to choose to believe all, part, or none of the evidence presented. [T]his Court is not free to usurp the trial court's duty as the finder of fact.

*Mackay v. Mackay*, 984 A.2d 529, 533 (Pa. Super. 2009) (citations and quotation marks omitted).

"The principal goal in child support matters is to serve the best interests of the children through the provision of reasonable expenses." *E.R.L. v. C.K.L.*, 126 A.3d 1004, 1006 (Pa. Super. 2015) (citation and quotation marks omitted). Generally, a court determines child support using the support guidelines. *See* Pa.R.C.P. 1910.16-1 to 1910.16-7 (subsequently amended eff. Jan. 1, 2022). "[T]here is a rebuttable presumption that the guideline calculated support obligation is the correct support obligation." Pa.R.C.P.

1910.16-1(d); *see also Ileiwat v. Labadi*, 233 A.3d 853, 861 (Pa. Super. 2020). *Cf.* Pa.R.C.P. 1910.16-1(d)(1) ("The presumption is rebutted if the trier-of-fact concludes in a written finding or states on the record that the guidelines support amount is unjust or inappropriate.").

Mother first argues that the court erred in calculating an earning capacity for her, without touching "on the requisite factors that the court must consider prior to imputing an earning capacity." Appellant's Brief, at 7. *See* Pa.R.C.P. 1910.16-2(d)(4)(i) (pertaining to willful failure to obtain or maintain appropriate employment). Judge Strong states in her Rule 1925(a) opinion that "[Mother] is correct to note that, in entering its decision, the [c]ourt stated it determined that [Mother] has an earning capacity of $56,000 per year." Trial Court Opinion, 5/27/22, at 5. However, the court stated that it "misspoke when entering the [o]rder," and "**should have said that [Mother] has an *actual monthly net income* of $4,666[,] for a yearly net income of $56,000**." *Id.* at 5, citing N.T. Support Hearing, 3/3/22, at 21 (emphasis added).

Mother is the owner of a beauty salon. At the support hearing, Mother testified that she earns income by "splitting revenue between her business and her employees fifty-fifty and paying herself at a rate of eight dollars per hours." Trial Court Opinion, *supra* at 2, citing N.T. Support Hearing, *supra* at 7-9. The court, however, found Mother's testimony was not credible. Trial Court Opinion, *supra* at 2. Instead, the court relied on Mother's W-2 form from 2020 to determine monthly net income, which indicated she paid herself

- 4 -

$23,805.00 during that year. *See* Trial Court Opinion, *supra* at 2-3, citing N.T. Support Hearing, *supra* at 9. This figure would yield a **monthly net income of $1,983.75.** It is unclear why the court stated in its opinion that it should have stated that Mother had an "actual **monthly net income of $4,666** for a yearly net income of $56,000." Trial Court Opinion, *supra* at 5, citing N.T. Support Hearing, *supra* at 21 (emphasis added). Adding to this confusion, even though the court stated that it "misspoke when entering the [o]rder," and should have said Mother has an "actual monthly net income of $4,666," *id.*, the final order of support was based on Mother's **monthly net income of $3,689.74**. *See* Order, 3/3/22.

The trial court, in its Rule 1925(a) opinion, directs this Court to the March 3, 2022 transcript of proceedings, which, along with the remaining record before us, is somewhat light on detail. The record before us contains no calculations made pursuant to the child support guidelines. There is no indication the court performed the guideline calculation to determine what the presumptive minimum amount of child support should be, *see* Pa.R.C.P. 1910.16-2(e)(2), nor is there any indication that the support guidelines do not apply.

In *Ileiwat v. Labadi*, 233 A.3d 853, 860-61 (Pa. Super. 2020), we stated:

> In *Ball v. Minnick*, [] 648 A.2d 1192 (Pa. 1994), our Supreme Court broadly stated that "**the amount of support**, whether it be child support, spousal support or [APL], **shall be determined in accordance with the support guidelines**," which included the formula, grids, and deviation factors provided in the rules. *Id*. at

1195. "The rules make clear that the amount of support as determined from the support guidelines is presumed to be the appropriate amount of support and that any deviation must be" determined through application of the rules, which set forth "the only factors that a trier of fact may consider in determining whether to deviate." *Id.* at 1195-96. The Court expounded:

> The presumption is strong that the appropriate amount of support in each case is the amount as determined from the support guidelines. However, where the facts demonstrate the inappropriateness of such an award, the trier of fact may deviate therefrom. This flexibility is not, however, intended to provide the trier of fact with unfettered discretion to, in each case, deviate from the recommended amount of support. Deviation will be permitted only where special needs and/or circumstances are present such as to render an award in the amount of the guideline figure unjust or inappropriate.

*Id.* at 1196.[3] *See also Landis v. Landis*, 691 A.2d 939, 941 (Pa. Super. 1997) (in support cases, "there is a rebuttable presumption that the amount of an award for support which results from the application of the Support Guidelines is correct.") (citations omitted).

Here, the trial court has not included a breakdown of the support calculation. Moreover, the court makes no mention of the custody

---

[3] In Pennsylvania, child support awards are calculated "in accordance with specific statutory guidelines, using a complex system that accounts for the obligor's capacity to pay and the reasonable needs of the particular children." *Commonwealth v. Hall*, 80 A.3d 1204, 1216 (Pa. 2013). *See* 23 Pa.C.S.A. § 4322(a). "As a general rule, the amount of support to be awarded is based upon the parties' monthly net income over at least a six-month average." *Sichelstiel v. Sichelstiel*, 272 A.3d 530, 534 (Pa. Super. 2022), *citing* Pa.R.C.P. 1910-16-2. The Domestic Relations Code defines the term "income" and includes income from any source. Pa.R.C.P. 1910.16-2(a); *see also* 23 Pa.C.S.A. § 4302.

apportionment between the parties.[4]   The trial court is clearly free to find Mother's testimony not credible;[5] however, the court is required to articulate a clear basis for its calculation of the support obligation.   The record before us is insufficient to sustain the support order.  ***M.E.W.***, ***supra***.  Accordingly, we vacate the order and remand to the trial court for recalculation.

Order vacated.  Case Remanded.  Jurisdiction is relinquished.

---

[4] At the hearing, counsel for Father stated that Father "has 100 percent custody of this child."   N.T. Support Hearing, ***supra*** at 19.   The court, however, made no determination regarding custody apportionment.  The 2021 Explanatory Comment to Rule 1910.16-3 (Support Guidelines.   Basic Child Support Schedule), states:

> Previously, the Basic Child Support Schedule incorporated a 30% child custody presumption, which created approximately a 5% decrease in the basic child support obligation across all combined monthly net incomes regardless of the actual custody schedule. The new Basic Child Support Schedule reflects the actual expenses of an intact family living in a single household at the various combined monthly net incomes and the number of children with no shared custody adjustment.

> To the extent the parties share physical custody with the obligor having 40% or more of the annual overnights as set forth in Pa.R.C.P. No. 1910.16-4(c), the formula in Pa.R.C.P. No. 1910.16-4(a)(1)(Part D) or (a)(2)(Part II) should be used to calculate the appropriate shared custody adjustment.

Pa.R.C.P. 1910.16-3 - Explanatory Comment (2021) (emphasis added).

[5] There is no allegation that Mother is deliberately hiding or lowering her income, but the trial court cannot impose a negative inference on no record. In sum, the court cannot create an earnings calculation when the record does not support it.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>01/17/2023</u>