J-A14018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| APRIL RENEE PERERA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ASANGA PERERA | : | |
| | : | |
| Appellant | : | No. 2900 EDA 2024 |

Appeal from the Order Entered October 22, 2024
In the Court of Common Pleas of Montgomery County Domestic Relations
at No(s): 2019-DR-01682,
PACSES: 197117816

BEFORE: PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.: **FILED OCTOBER 1, 2025**

Appellant, Asanga Perera (Father), appeals the trial court's order awarding a percentage of his annual bonus income in support payments to Appellee, April Renee Perera (Mother). We affirm.

The parties are the parents of two minor children and entered into an agreed support order in 2019. *See* Trial Ct. Op., 12/31/24, at 1. On October 31, 2022, Mother filed a petition to modify support. Therein, Mother noted that, while her bonus was included in the support calculation, Father's bonus was not and she requested "that Father's annual bonus . . .be included in his income for the calculation of support." *Id.* at 2. On April 24, 2023, at a hearing before a support hearing officer (SHO), "Father argued that his annual bonus should not be included in the calculation of his annual income, but

_____

[*] Retired Senior Judge assigned to the Superior Court.

instead be treated separately as a lump sum payment to be divided by the parties upon receipt each year." *Id.* The SHO recommended including "Father's bonus as part of his monthly net income for support purposes." *Id.* at 3. Father filed an exception to this recommendation, arguing that "the annual bonus amounts are 'variable and not guaranteed[,]'" and that inclusion of the bonus in his monthly net income would "create[] a cash flow issue" for him and "introduce[] the need . . . to pursue annual support modifications[.]" *Id.* Instead, Father requested that the trial court "establish a predetermined support percentage amount that could be then applied . . . to calculate a lump sum payment upon bonus receipt." *Id.*

After reviewing the SHO's recommendation and hearing argument on Father's exception, the trial court concluded that "paying support on bonuses that are not yet received creates inequity" for Father and entered an order directing that a "predetermined support percentage amount" of the bonus be paid in a lump sum to Mother within seven days of Father's receipt of the bonus. Trial Ct. Op., 12/31/24, at 4 (citing Trial Ct. Mem. and Order, 8/31/23, at 4). The trial court remanded the matter for the SHO to calculate the predetermined support percentage and revise the support order to account for this treatment of Father's bonus income. *See* Trial Ct. Op., 12/31/24, at 5.

On September 15, 2023, the SHO submitted revised recommendations which applied a formula to calculate the required predetermined percentage and, applying this formula to the parties' income and shared custody rights at that time, identified 36% as the percentage of Father's bonus to be paid in

support to Mother.  **See** SHO's Recommendation, 9/15/23, at 2-3; **see also** Father's Brief at 11-13 (**see** description of SHO's formula).

Father filed exceptions to the September 15, 2023 recommendation and report, alleging that the SHO had "erred in establishing the predetermined percent to be applied to Father's net bonus."  Trial Ct. Op., 12/31/24, at 5. On April 3, 2024, after considering Father's arguments, the trial court entered an order dismissing Father's exceptions and adopting the SHO's recommendations.  **Id.**  Father moved for reconsideration, "alleging there was an error in the [SHO's] calculation[,]" which the trial court denied on April 22, 2024.  **Id.**; **see also** Trial Ct. Order, 4/22/24.

On April 30, 2024, Father filed a petition to modify support in which he alleged "a material change in circumstances, [in] that his income had changed and [alimony *pendente lite* (APL)] had been terminated."  Trial Ct. Op., 12/31/24, at 5; **see also** Father's Pet. for Modification, 4/30/24, at 2.  Mother also filed a modification petition on May 3, 2024 in which she alleged "that Father had not yet paid her the court-ordered percentage of his annual bonus received in March 2024 . . . within seven days of receipt."  Trial Ct. Op., 12/31/24, at 5-6; **see also** Mother's Pet. for Modification, 5/3/24, at 2.

On June 10, 2024, the parties attended a support conference at which they could not agree on how to treat Father's bonus in calculating support, during which Father requested that his bonus be "included in the guideline." Support Conf. Summary, 6/10/24, at 2-3.  The parties subsequently attended a hearing before the SHO on July 18, 2024, wherein "Father asked that his

bonus be calculated into his monthly income for support purposes." Trial Ct. Op. at 6. On August 6, 2024, the SHO filed a recommendation that declined to "change the method of addressing Father's bonus, as it was already subject to a previous order." *Id.* (citing SHO's Recommendation, 8/6/24).

Father filed exceptions to this recommendation, alleging that "the SHO erred by not including his bonus in his monthly net income calculation[,]" citing to the support guidelines, and asserting that whichever support method is used – "monthly" or "lump sum" – should result in "the same amount of child support" but that the SHO's "lump sum method" resulted in "more than $21,000 beyond what the PA child support guideline requires as bonus' child support." *Id.* at 6-7 (citing Father's Exceptions, 8/26/24). Mother also filed an exception stating that, although Father had received his annual bonus in March of 2024, he had not paid her the child support obligation from his bonus payment within seven days as required by court order. *Id.* at 7; *see also* Mother's Exceptions, 8/26/24, at 2 (unpaginated).

The trial court heard argument on Father's and Mother's exceptions on October 17, 2024. At the hearing, Father conceded that he could not point to "any binding law anywhere that requires that [the formula to be applied to the bonus] must be done in the way that [Father requested.]" *See* N.T., 10/17/24, at 11. Father also conceded that he did not make a support payment to Mother after he received his bonus in March of 2024 and acknowledged that the payment was due within seven days of his receipt of the bonus. *Id.* at 8-9. In response to the trial court's questions about this

overdue support payment, Father's counsel stated that Father "filed a petition to modify because there was a termination of alimony, which subsequently changed the amount[.]" *Id.* at 8. Upon Father's admission that he had not yet made this support payment, the trial court asked: "Does [Father] have an issue with paying interest for that amount, because [Mother] should have gotten the . . . amount back [in] March . . . when it was paid, correct?" *Id.* at 9.

On October 22, 2024, the trial court entered an order dismissing Father's exceptions, granting Mother's exception, and directing Father to pay Mother "$27,213.75 as per the [SHO's] findings of fact[]" and "6% interest for a total of $28,018.27[,]" because there was "a previous order directing [Father] to make this payment[.]" Trial Ct. Order, 10/22/24. Father filed a timely notice of appeal and a motion to stay. The trial court denied a stay on November 4, 2024. Both Father and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following claims:

1. Did the trial court err as a matter of law and/or abuse its discretion in dismissing [Father's] exceptions to the recommendation of the [SHO], whereby [Father] has been ordered to pay a child support amount in excess of the Pennsylvania support guidelines?

2. Did the trial court err as a matter of law and/or abuse its discretion in granting [Mother's] exceptions to the recommendation of the [SHO]?

3. Did the trial court err as a matter of law and/or abuse its discretion in ordering [Father] to pay a 6% interest

penalty/sanction for failure to pay a prior child support payment?

4. Did the trial court violate [Father's] due process rights in ordering [Father] to pay a 6% interest penalty/sanction for failure to pay a prior child support payment without any pending contempt proceeding before the [trial] court?

Father's Brief at 3-4 (some formatting altered).

In his first two issues, Father argues that the trial court erred and abused its discretion by denying his exceptions, granting Mother's exceptions, and ordering Father to pay child support in excess of what is required by the support guidelines. *Id.* at 8-27. Father notes that he "has no issue with the monthly amount he was ordered to pay" based on his salary, and instead challenges only the portion of the trial court's order adopting the SHO's recommendation directing him to pay 36% of his net bonus in support to Mother. *Id.* at 10-11, 11 n.3. Specifically, he argues that "the formula utilized by the trial court results in [Father] paying approximately double the amount that is required under the support guidelines (on an annualized basis after considering the monthly amount and lump sum bonus payment), which is a significant upward deviation from the support guidelines." *Id.* at 13 (some formatting altered and footnote omitted).

Additionally, Father contends that "the trier of fact is required to consider all relevant factors and make a reasoned decision as to whether consideration thereof suggests that there are special needs and/or circumstances which render a deviation necessary" and argues that the trial court entered the support order "without addressing a single deviation factor."

*Id.* at 13, 26-27 (citing ***Ball v. Minnick***, 648 A.2d 1192 (Pa. 1994)).

Therefore, Father concludes that the trial court relied on an "entirely arbitrary"

formula when calculating the percentage of his bonus due to Mother as child

support. *Id.* at 14, 26. Finally, Father explains that he has identified "no case

law within Pennsylvania which directs our courts on how to properly calculate

a bonus percentage consistent with the Pennsylvania support guidelines," but

nonetheless urges this Court to adopt an alternate formula, based on case law

from other states, in lieu of the formula employed by the trial court. *Id.* at

19-26.

We review support orders, including the imposition of interest, for an

abuse of discretion. ***See Hanrahan v. Bakker***, 186 A.3d 958, 966 (Pa.

2018). An abuse of discretion occurs where a trial court

> exercises judgment that is manifestly unreasonable or the result
> of partiality, prejudice, bias, or ill-will as shown by the evidence
> of record. . . . [W]e will not disturb a support order unless the
> trial court failed to consider properly the requirements of the rules
> governing support actions. Additionally, as [such] appeal[s]
> present[] questions of law, [] our standard of review is *de novo*
> and our scope of review is plenary[.]

*Id.* (internal citations and quotation marks omitted). Further, "[t]he amount

of a support order is largely within the discretion of the trial court[]" and an

abuse of discretion must be established "by clear and convincing evidence,

and the trial court will be upheld on any valid ground." ***Isralsky v. Isralsky***,

824 A.2d 1178, 1186 (Pa. Super. 2003) (citation omitted).

**Support Order**

The determination of a party's support obligations begins with the support guidelines promulgated by our Supreme Court. *See* 23 Pa.C.S. § 4322(a). In calculating support, adherence to these guidelines creates a "rebuttable presumption . . . that the amount of the award . . . is correct[.]" *Id.* at § 4322(b). The guidelines provide that support obligations are to be calculated "based on the parties' monthly net incomes[,]" which are determined by deducting certain items, such as taxes, from "at least a six-month average of a party's [monthly gross] income." Pa.R.Civ.P. 1910.16-2(a)-(c). The guidelines specifically include bonuses as income to be included in determining a party's monthly gross income. *See id.* at 1910.16-2(a).

Section 4322(a) of the Domestic Relations Code (the Code) permits deviation from the support guidelines in the event of "unusual needs, extraordinary expenses and other factors, such as the parties' assets, as warrant special attention." 23 Pa.C.S. § 4322(a). When entering an order that deviates from the support guidelines, a trial court must provide a "written finding or specific finding on the record that the application of the guideline would be unjust or inappropriate . . . sufficient to rebut the presumption . . . based upon [deviation] criteria established by the Supreme Court." *Id.* at § 4322(b).

When deviating from the guidelines, the trier-of-fact shall specify on the record or in writing:

> (i) the calculated basic child support, spousal support, or alimony *pendente lite* obligation;
>
> (ii) the reason for the deviation;
>
> (iii) the findings of fact justifying the deviation;
>
> (iv) the deviation amount; and
>
> (v) in a spousal support or an alimony *pendente lite* action, the obligation's duration.

Pa.R.Civ.P. 1910.16-5(a). In contemplating a deviation, the trial court "shall consider[,]" *inter alia*, "other household income" and "other relevant and appropriate factors." Pa.R.Civ.P. 1910.16-5(b).

In its Rule 1925(a) opinion, the trial court addressed Appellant's claim as follows:

> In his exceptions, Father generates calculations in an attempt to demonstrate that excluding his bonus from his net monthly income causes him to overpay child support pursuant to the guidelines. However, this court maintains that [the April 24, 2023 order] requiring Father to pay Mother a percentage of the bonus upon receipt instead of in anticipation of the bonus, an order which has not been appealed, is, as Father himself argued before he reversed himself, within the discretion of the [trial] court and an acceptable method of calculating his child support. [N.T., 4/24/23, at 34-37.]
>
> \* \* \*
>
> Further, simply because Father's bonus was greater than he perhaps expected, which may have resulted in a different calculation of support, does not mean that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice or partiality.

Trial Ct. Op. at 13 (some formatting altered).

The trial court thoroughly explained its reasons for adopting the SHO's formula, describing the procedural history of this issue from October of 2022, when Mother first sought to include Father's bonus income in the calculation of support, to the date of entry of the order appealed from. **See** Trial Ct. Op. at 2-8. While the reasons for the deviation that Father now complains of may not appear in the support order of October 22, 2024, the trial court specified these reasons in prior support orders, when it first determined how Father's bonus would be accounted for in calculating support. **See** Trial Ct. Orders, 8/31/23, 4/3/24; **see also** 23 Pa.C.S. § 4322(a); Pa.R.Civ.P. 1910.16-5(a).

Following our review of the record, we discern no abuse of discretion in the trial court's decision to require Father to pay a portion of his bonus as a lump sum toward his support obligation, nor in the formula to determine the amount of the lump sum. **See Hanrahan**, 186 A.3d at 966; **Isralsky**, 824 A.2d at 1186. Accordingly, Father is not entitled to relief on this claim.

**Interest Award**

In his remaining issues, Father challenges the imposition of interest on the support payment due to Mother from Father's bonus, which he failed to pay after he received his bonus in March of 2024. **See** Father's Brief at 27-29. Father claims that the trial court abused its discretion in imposing an interest penalty where "there was no contempt proceeding against [Father,]" arguing that "any interest penalty is limited to actions for contempt and/or proceedings where a litigant is on notice of alleged willful misconduct." **Id.** at 27-28 (citing 23 Pa.C.S. § 4348). Father characterizes the trial court's finding,

that he had failed to make a support payment to Mother within seven days of his receipt on his bonus, as an "assumed determination . . . without a proceeding being properly scheduled (with notice given to [Father]) to address this issue[]" and, therefore, a violation of his "most basic right to fundamental due process." *Id.* at 28-29.

Section 4302 of the Code specifically authorizes trial courts to impose interest on support orders, which "may include related costs and fees, interest and penalties, income withholding, attorneys' fees and other relief." 23 Pa.C.S. § 4302. Additionally, Section 4352 of the Code provides that the trial court "shall . . . maintain jurisdiction of the matter for the purpose of enforcement of the order and for the purpose of increasing, decreasing, modifying or rescinding the order[.]" 23 Pa.C.S. § 4352(a).

With regard to overdue support payments, Section 4352 provides that, "[o]n and after the date it is due, each and every support obligation shall constitute a judgment against the obligor by operation of law . . . including the ability to be enforced." 23 Pa.C.S. § 4352(d). With regard to contempt penalties in support matters, Section 4245 enumerates the penalties that may be imposed on a "person who willfully fails to comply with [a support] order[,]" namely, up to six months' imprisonment, a fine of up to $1,000, and/or up to a year of probation. 23 Pa.C.S. § 4345(a).

Here, the trial court issued an order stating that, "[t]here being a previous order directing [Father] to make this payment, [Father] shall also

pay 6% interest . . . and is reminded that this payment is due annually seven days after receipt of his bonus." Trial Ct. Order, 10/22/24 (footnote omitted).

In its Rule 1925(a) opinion, the trial court explained:

[A]s Father suggested in his testimony, [the trial court] ordered Father in August 2023 to pay Mother a percentage of his bonus within seven days of receiving it. [N.T., 4/24/23, at 50.] Father states that he received a bonus in March 2024 in the amount of $88,250.00. Mother filed a petition for modification in May 2024 wherein she alleges that Father had still not paid her the court-ordered percentage of his annual bonus, and he has not denied this allegation. This court has the discretion to enter an order of support that includes interest for failure of the Obligor ("Father") to pay. [23 Pa.C.S. §§ 4301, 4302.]

\* \* \*

Father complains also that there were no contempt proceedings ongoing at the time, and so, the court cannot assess him with interest. This court did not hold Father in contempt, and there is no precondition that requires the court to hold Father in contempt before awarding Mother interest. The court, well within its discretion, ordered Father to pay Mother interest for his failing to pay her any percentage of his bonus as ordered, when due several months earlier.

Trial Ct. Op. at 13-14 (some formatting altered).

As noted by the trial court, Father failed to comply with a prior order directing him to pay a portion of his bonus income to Mother as child support. Following our review of the record, we conclude that the trial court acted within its authority to impose interest on Father's overdue support payment.[1]

_____

[1] We note that in his brief, Father describes the 6% interest as a contempt penalty subject to Section 4348 of the Code, which permits the assessment of "a penalty of not more than 10% for any amount in arrears for 30 days or
*(Footnote Continued Next Page)*

*See* 43 Pa.C.S. §§ 4302, 4352(a), (d). Therefore, we discern no abuse of discretion by the trial court in imposing interest on Father's late support payment. *See Hanrahan*, 186 A.3d at 966.

For these reasons, we conclude that Father is not entitled to relief on any of his claims. Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/1/2025

---

more if the . . . arrearage was willful." 23 Pa.C.S. § 4348(c). However, as noted, the trial court did not hold Father in contempt or impose any of the enumerated contempt penalties permitted in the Code. *See* 23 Pa.C.S. § 4345(a). Therefore, this claim is meritless.

- 13 -