J-A28023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NICOLE SALLUSTIO | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELI MERCER | |
| Appellant | No. 659 EDA 2014 |

Appeal from the Order Entered February 7, 2014
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s): 11-01564
Pacses #316112728

BEFORE:  GANTMAN, P.J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:　　　　　　　**FILED NOVEMBER 14, 2014**

Appellant Eli Mercer ("Father") appeals from an order modifying Father's child support obligations for one minor child.[1] After careful review, we affirm on the basis of the thorough and well-reasoned opinion of the Honorable Doris A. Pechkurow.

---

[1] Nicole Sallustio ("Mother") does not cross-appeal, but she attempts to raise an additional claim of error not raised by Father. She claims that the trial court improperly deviated from the support guideline by using the adjustments delineated in Pa.R.C.P. 1910.16-4(c)(2) since these adjustments only apply where the parties have an equal custody arrangement and the parties at bar have a substantial or shared custodial arrangement.  Mother waived this claim of error by failing to file a cross-appeal. **See Bullman v. Giuntoli**, 761 A.2d 566, 580 (Pa.Super.2000) (where appellee addresses issue on appeal not raised by appellant and not addressed in cross-appeal, issue is deemed waived).

The factual background of the instant matter is not material to our disposition of the issue. The trial court aptly summarized the pertinent procedural history as follows:

> [Father] filed a Petition for Modification of Support on April 3, 2013, to modify the support obligation of $1,554.71 per month plus $35.54 on arrears, which had been entered on May 18, 2012. A hearing before the Master in Support was held on June 20, 2013, and a proposed order was submitted by the Master that [Father] pay $789.08 per month for the support of one child, plus $35.00 per month on arrears.
>
> [Father] filed Exceptions on July 12, 2013, whereby [Father] claimed, *inter alia*, that the support order was unfair because of the respective incomes of the parties and the similar custody schedule for both parties. [Father]'s Exceptions were granted in part and on November 5, 2013, the proposed order was amended for [Father] to pay $374.22 per month for the support of one child, plus $30.00 per month on arrears. [Mother] filed a Petition for Reconsideration on November 19, 2013, which Petition was granted on December 3, 2013, and the November 19th order was made an interim order pending a full hearing.
>
> On February 7, 2014, following the hearing on reconsideration, the within order was entered that [Father] pay a basic support obligation of $322.13 per month, plus his proportionate share of child care and health insurance expenses, for a total support obligation of $595.33 per month, plus $20.00 per month on arrears.

Trial Court Opinion, 4/22/14 ("Trial Court Opinion"), at 1-2.

On February 26, 2014, Father filed a timely notice of appeal and concurrently filed a timely 1925(b) statement. On April 22, 2014, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Father raises the following claims for review:

I.     Is $595.33 (plus $20 per month on arrears) a fair monthly payment for one parent to make to the other parent when the difference in custody is only 4 days per month?

II.    Given the fair and nearly equal shared custody schedule (March 21, 2013 Custody Order), should [Father] be required to pay support to [Mother]?

III.   Given that Mother's income is higher than Father's, and that a fair and nearly equal custody Order was awarded to the parties, should Father be required to pay support to [Mother]?

IV.    Given the fair and nearly equal shared custody schedule, should the support Order of November 5, 2013 have been overturned on February 7, 2014 and amount increased?

V.     Do[es] the support calculation, and the variables used in the calculation, that was made on February 7, 2014 by Honorable Judge Doris A. Pechkurow fit the circumstances of this particular custody situation?

Father's Brief at 3. Father has waived the first and fourth issues by not including these issues in his 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement . . . are waived"); *Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 803 (Pa.Super.2007) ("[A]ny

issue not raised in an Appellant's Rule 1925(b) statement will be deemed waived for purposes of appellate review").

The parties do not dispute that Father has a lower monthly income than Mother. Father's Brief at 7 ("[]Mother[] makes more money than Father"); Mother's Brief at 7 (referring to herself as the "economically superior parent"). Based on this, Father claims that he should not be obligated to pay child support. *See* Father's Brief at 7. The thrust of Father's appeal revolves around three central issues: the custody schedule; the parties' respective incomes; and the overall methodology that trial courts must employ in formulating a child support order. Since all of these issues relate to whether the trial court directed Father to pay the proper amount of child support, we address them together.

An appellate court may reverse a child support order only if the court finds that the order cannot be sustained on any valid ground, *Maue v. Gilbert*, 839 A.2d 430, 432 (Pa.Super.2003), or the lower court has committed an abuse of discretion. *Kraisinger v. Kraisinger*, 928 A.2d 333, 341-42 (Pa.Super.2007). An "abuse of discretion" is not merely an error of judgment. *Kraisinger,* 928 A.2d at 341-42*,* but must rest upon clear and convincing evidence, *Portugal v. Portugal*, 798 A.2d 246, 249 (Pa.Super.2002). This Court has found an abuse of discretion where:

> (1)  insufficient evidence exists to sustain the child support award;

- 4 -

> (2)    the trial court, in reaching a conclusion, overrides or misapplies existing law;
>
> (3)    the judgment exercised is manifestly unreasonable; or,
>
> (4)    the result of partiality, prejudice, bias, or ill-will, as shown by evidence on the record.

***Kraisinger,*** 928 A.2d at 341-42.

"A support order will not be disturbed on appeal unless a trial court failed to [properly] consider [] the requirements of the Rules of Civil Procedure Governing Actions for Support, Pa.R.C.P. 1910.19 *et seq.*, or abused its discretion in applying these Rules." ***Christianson v. Ely***, 838 A.2d 630, 634 (Pa.2003) (*quoting* ***Ball v. Minnick***, 648 A.2d 1192, 1196 (Pa.1994)). If the record demonstrates that the trial court has failed to consider all factors relevant to an award of child support, the appellate court should remand for a full evidentiary hearing. ***Gephart v. Gephart***, 764 A.2d 613, 614-15 (Pa.Super.2000). Also, in reviewing a petition for a modification of child support, we examine a finding of either a material and substantial change in circumstances or no such change for an abuse of discretion. ***Yerkes v. Yerkes***, 824 A.2d 1169, 1171-72 (Pa.2003).

The Pennsylvania Rules of Civil Procedure 1910.1 *et seq.* govern actions for support. In determining child support, the parties' respective net incomes must first be calculated. ***Id.*** The Rules provide for the calculation of parties' net incomes as follows:

**Rule 1910.16-2. Support Guidelines. Calculation of Net Income**

Generally, the amount of support to be awarded is based upon the parties' monthly net income.

**(a) Monthly Gross Income.** Monthly gross income is ordinarily based upon at least a six-month average of all of a party's income. The term 'income' is defined by the support law, 23 Pa.C.S.A. § 4302, and includes income from any source. The statute lists many types of income including, but not limited to:

(1) wages, salaries, bonuses, fees and commissions;

(2) net income from business or dealings in property;

(3) interest, rents, royalties, and dividends;

(4) pensions and all forms of retirement;

(5) income from an interest in an estate or trust;

(6) Social Security disability benefits, Social Security retirement benefits, temporary and permanent disability benefits, workers' compensation and unemployment compensation;

(7) alimony if, in the discretion of the trier of fact, inclusion of part or all of it is appropriate; and

(8) other entitlements to money or lump sum awards, without regard to source, including lottery winnings, income tax refunds, insurance compensation or settlements; awards and verdicts; and any form of payment due to and collectible by an individual regardless of source.

Pa.R.C.P. No. 1910.16-2(a). After ascertaining a party's gross income, the court deducts the following items from monthly gross income to arrive at net income:

(A) federal, state, and local income taxes;

(B) unemployment compensation taxes and Local Services Taxes (LST);

(C) F.I.C.A. payments (Social Security, Medicare and Self-Employment taxes) and non-voluntary retirement payments;

(D) mandatory union dues; and

(E) alimony paid to the other party.

Pa.R.C.P. No. 1910.16-2(c)(1). The court inserts the net income figures into a set formula depending on the parties' combined net income and number of children.

Rule 1910.16-4 ("the Rule") contains the formula used to calculate the obligor's share of basic child support from the schedule in Rule 1910.16-3.[2] The Rule requires the trial court to engage in a three-step process to calculate the parties' respective child support obligations. *Id.*

First, the trial court applies the formula in Part I of subsection (a) of Rule 1910.16-4 to arrive at "Each Parent's Monthly Share of the Basic Child Support Obligation." Here, using this formula, the trial court determined that "[Father] has 45.64% of the combined $12,192.47 [] monthly net income of the parties and [Mother] has 54.36%." Trial Court Opinion, at 4.

Second, the trial court must make applicable adjustments for substantial or shared child custody and additional expenses including, *inter*

_____

[2] The parties have a combined monthly net income of $12,192.47. *See* Trial Court Opinion, 4/22/2014, at 4. Accordingly, Pa.R.C.P. 1910.16-3.1(a), dealing with "high income" cases in which the combined monthly net income exceeds $30,000.00, is not implicated.

*alia*, child care and health insurance expenses. ***See*** Pa.R.C.P. 1910.16-4(c) (when child spends 40% or more of his time during year with obligor, a rebuttable presumption arises that obligor is entitled to reduction in basic support obligation to reflect this time); ***see also*** Pa.R.C.P. 1910.16-6 ("Additional expenses permitted pursuant to this Rule 1910.16-6 may be allocated between the parties even if the parties' incomes do not justify an order of basic support").

Rule 1910.16-4(c)(1) provides:

> Except as provided in subsections (2) and (3) below, the reduction shall be calculated pursuant to the formula set forth in Part II of subdivision (a) [titled "Substantial or Shared Physical Custody Adjustment, if applicable"] of this rule. For purposes of this provision, the time spent with the children shall be determined by the number of overnights they spend during the year with the obligor.

Pa.R.C.P. No. 1910.16-4(c)(1). Rule 1910.16-4(c)(2) further provides:

> Without regard to which parent initiated the support action, when the children spend equal time with both parents, the Part II formula cannot be applied unless the obligor is the parent with the higher income. In no event shall an order be entered requiring the parent with the lower income to pay basic child support to the parent with the higher income. However, nothing in this subdivision shall prevent the entry of an order requiring the parent with less income to contribute to additional expenses pursuant to Rule 1910.16-6. . . . In all cases in which the parties share custody equally and the support calculation results in the obligee receiving a larger share of the parties' combined income, then the court shall adjust the support obligation so that the combined income is allocated equally between the two households.

*Id*. This subsection applies in instances of equal custody. *Id.* Citing this subsection, as well as its discretion to deviate from the guidelines to avoid an unjust result, the trial court adjusted Father's support obligation in order to avoid awarding Mother a larger share of the parties' combined income.[3] *See* Trial Court Opinion at 5-6; *Id.* at 6.

Third, the trial court must consider an enumerated list of factors to determine whether to deviate from the support guidelines. These factors include:

> (1) unusual needs and unusual fixed obligations;
>
> (2) other support obligations of the parties;
>
> (3) other income in the household;

---

[3] The trial court reasoned:

> Under the guideline calculation proposed by the Master, [Mother] was awarded 58.6% of the parties joint income while she has 57.1% of custody time, whereas [Father] was allocated 41.4% of the parties' joint income, while he has custody for 43% of the time. To achieve a proportionate allocation of household income described in Rule 1910.16-4(c)(2), this court applied an adjustment of $322.13 to [Father]'s basic support obligation (as opposed to $205.69 used by the Master on line 12 of the Support Guideline Calculation), resulting in a support obligation where [Father]'s proportionate share of the basic support obligation was 43%, correlating with 43% of custody time he has with the child.

Trial Court Opinion, at 6.

(4) ages of the children;

(5) the relative assets and liabilities of the parties;

(6) medical expenses not covered by insurance;

(7) standard of living of the parties and their children;

(8) in a spousal support or alimony pendente lite case, the duration of the marriage from the date of marriage to the date of final separation; and

(9) **other relevant and appropriate factors, including the best interests of the child or children.**

Pa.R.C.P. No. 1910.16-5 (emphasis added). Based on its analysis of the above-factors, the trial court may then deviate from the preliminary analysis figures calculated in the first two parts of the child support calculation, described *supra*. *See McCarty v. Smith*, 655 A.2d 563, 566 (Pa.Super.1995) (if a deviation is applied, it must be made after the guideline amount is determined).

There is a rebuttable presumption that the support guidelines provide the appropriate amount of support. *See* Pa.R.C.P. No. 1910.16-1(d); 23 Pa.C.S. § 4322(b). Our Supreme Court has explained:

> The presumption is strong that the appropriate amount of support in each case is the amount as determined from the support guidelines. However, where the facts demonstrate the inappropriateness of such an award, the trier of fact may deviate therefrom. This flexibility is not, however, intended to provide the trier of fact with unfettered discretion to, in each case, deviate from the recommended amount of support. Deviation will be permitted only where special needs and/or circumstances are

- 10 -

present such as to render an award in the amount of the guideline figure unjust or inappropriate.

***Ball v. Minnick***, 648 A.2d 1192, 1196 (Pa.1994).

Here, the trial court deviated from the guidelines under Rule 1910.16-4(c)(2) based on its application of Rule 1910.16-5. Trial Court Opinion at 6.

The trial court explained:

> In reviewing the guideline calculation formulas, this court noted that subsection (c)(2) specifically provides that, in the instance of an equally shared custody arrangement, if the obligee has a higher income than the obligor, the support obligation must be adjusted so that the obligee does not receive a larger share of the parties combined income: 'In all cases in which the parties share custody equally and the support calculation results in the oblige[e] receiving a larger share of the parties' combined income, then the court shall adjust the support obligation so that the combined income is allocated equally between the two households.' Id.
>
> Since the examples in subsection (c)(1) of Rule 1910.16-4 concerning substantial shared custody only discuss instances where the obligor has a higher income than obligee, it was not unreasonable to conclude that in the instant situation, where the parties have an arrangement just slightly less than an equally shared arrangement, and obligor has a lower monthly income than obligee, an adjustment was appropriate so that obligee would not receive a share of the parties combined income which is greater than her share of custody, as would be applicable in an equally shared custody arrangement.
>
> It cannot be concluded that the support guidelines provide for an equal (and proportionate) allocation of household income only where the parties have equally shared physical custody, while disallowing a deviation to achieve a proportionate allocation of household income where a party has

- 11 -

only slightly less than an equally shared physical custody arrangement. Moreover, subsection (c)(1) states that the formula in subsection (a) II is applicable, except as provided in subsection (c)(2) and (3), thus referencing the rationale in those subsections.

* * *

This court has thus applied a deviation to the Support Guideline Calculation submitted by the Master, incorporating the instructions in Rule 1910.16-4 for equally shared custody arrangements to avoid a higher allocation of income to [Mother]/obligee than is consistent with her share of custody. **The court finds that this is a relevant and appropriate consideration under Rule 1910.16-5(b)(9), the application of which prevents an award which would be unjust, per the standard of Rule 1910.16-1(d).**

Trial Court Opinion at 5-6 (emphasis added).

The trial court further reasoned: "While the methodology was outlined for use in equally shared custody arrangements, this court concludes that it was appropriate to apply [the] same to [Father]'s substantially [equal] custody arrangement to avoid an unjust result." Trial Court Opinion at 7.

We have reviewed the transcripts, the briefs, the relevant law, and the record as a whole and conclude that Judge Pechkurow's opinion thoroughly, comprehensively and correctly disposes of the issues Father raises on appeal. In particular, Judge Pechkurow correctly determined that she had discretion under Rule 1910.16-5(b)(9) and Rule 1910.16-1(d) to apply Rule 1910.6-4(c)(2) in the instant matter to avoid an unjust result, because Father and Mother have nearly equal custody, and Father has a lower

income. Trial Court Opinion at 5-6. Accordingly, we affirm on the basis of Judge Pechkurow's opinion and direct the parties to attach copies of said opinion in the event of further proceedings in this matter.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/14/2014</u>