J-A23009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANDREW D. HEARY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DINA M. DICENZO | : | No. 233 WDA 2018 |

Appeal from the Order February 6, 2018
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  FD-07-00810-006

BEFORE:  BOWES, J., SHOGAN, J., and STABILE, J.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 22, 2019**

Andrew D. Heary ("Father") appeals *pro se* from the February 6, 2018 order dismissing his exceptions to the November 27, 2017 Report and Recommendation of the hearing officer regarding child support for two minor children ("the Children").  We affirm.

The trial court set forth the relevant history underlying this matter as follows:

> The parties married in 2000, separated in 2007 and divorced in 2010.  They have two children[.] . . . [Dina A. Dicenzo ("Mother")] is an OB/GYN.  Father is disabled.  Mother filed a complaint in divorce on October 2, 2007.  Father filed a complaint for custody on October 11, 2007[,] and a long, arduous and acrimonious custody battle began.  [The parties share physical custody of the Children equally, and Mother has sole legal custody].  The case has a long history of the parties fighting over scheduling, extracurricular activities and certain health issues of the children.  In addition to child support, Mother pays $400 per month to Father to defray the costs of his medical expenses.

Father filed a Petition for Modification on September 11, 2017. Neither party motioned the court to have the matter deemed complex. A hearing was held on November 24, 2017. Father and Mother both appeared and testified. The hearing officer set Mother's net monthly income at $23,723 and Father's net monthly income at $2,272. She took into consideration the $400 per month Mother pays to Father for his medical expenses and set a guideline order of $3,198 per month. Father filed exceptions which were denied by order dated February 6, 2018. Father timely appealed [and filed a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal raising 28 issues.]

Trial Court Opinion, 4/16/18, at 1-2 (cleaned up).

On appeal, Father raises the following issues for our review:

1. Can Judge [Kim] Eaton ignore **Edelstein v. Edelstein**[1] and destroy [F]ather and [the C]hildren's 10[-]year home?

2. Can Judge Eaton ignore the law?

3. Can Judge Eaton be blatantly prejudiced on and off the record?

4. Can Judge Eaton ignore medical proof that she has harmed the [C]hildren?

5. Can Judge Eaton allow [Mother's counsel] to lie when she knows [counsel] is lying?

6. Can Judge Eaton go unpunished for killing a disabled [F]ather who has been the primary caregiver of the [C]hildren all of their lives?

7. Can Judge Eaton ignore the fact that she has directly harmed the [C]hildren by harming the [F]ather?

8. Are the trial court's reasons for its ruling so unfocused, and so vague as to not be discernable from the record?

---

[1] 582 A.2d 1074 (Pa.Super. 1990).

- 2 -

9. Can a judge just "make up stuff" that is not supported in the record or by evidence- when the record is clear on the issue?

10. Can a judge cause direct medical harm to a child and then refuse to recognize clear facts that her decision has done so?

11. Can a judge hurt the [C]hildren she is supposed to protect without recourse?

12. Can Judge Eaton's failure to consistently ignore the PA Law on the following factors?

   • unusual needs and unusual fixed obligations
   • other support obligations
   • other household income
   • the child's age
   • the relative assets and liabilities of the parents
   • medical expenses not covered by insurance
   • standard of living, and
   • other factors, including the best interests of the child law?

13. Can Judge Eaton be so vague?

   (a)   . . . the trial court cannot expect the appellant to file a Rule 1925(b) statement that is not vague when the trial court has "given absolutely no indication of the reasons for its decision."

14. If "Statement of Questions Involved" can only constitute an educated guess as to the trial court's reasoning based upon the issues presented, does the appellant have additional ability to preserve his arguments based on what the trial was really supposed to be about , and not a tangential issue of what the judge tried to make it about?

Appellant's brief at 5-8.

We must first determine whether Appellant's issues are preserved for our review. Pennsylvania courts have repeatedly held that an appellant waives all matters for review where he identifies an outrageous number of

issues in the concise statement. *See Jones v. Jones*, 878 A.2d 86 (Pa.Super. 2005) (holding that a seven-page, twenty-nine issue statement resulted in waiver). This Court may also find waiver where a concise statement is too vague. *See In re A.B.*, 63 A.3d 345, 350 (Pa.Super. 2013) ("When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review.") (citation omitted).

Here, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement. In response, Father filed a document raising twenty-eight matters of which he complained. Although Rule 1925(b) dictates that the number of issues raised in a concise statement will not be grounds for finding waiver, this principle applies only "[w]here non-redundant, non-frivolous issues are set forth in an appropriately concise manner[.]" Pa.R.A.P. 1925(b)(4)(iv); *see also Kanter v. Epstein*, 866 A.2d 394, 401 (Pa.Super. 2004) (holding that "[b]y raising an outrageous number of issues" in a Rule 1925(b) statement, an appellant impedes the trial court's ability to prepare an opinion addressing the issues on appeal, thereby effectively precluding appellate review).

The trial court described Appellant's concise statement as "a rambling dissertation on Pennsylvania child support guidelines and contains 28 numbered paragraphs accusing the [trial c]ourt, the [h]earing [o]fficer, and Mother's counsel of a number of improprieties." Trial Court Opinion, 4/16/18, at 2. Based on its review of the document, the trial court considered there to

be only one relevant issue; namely, Father's claim that this is not a guideline support case and he is entitled to an upward deviation because the parties are not similarly situated financially and he has extraordinarily high expenses for himself and the Children. *Id*.

Based on our review, we agree with the trial court's characterization of the concise statement, as well as its determination as to the single relevant issue sufficiently raised therein. Thus, we deem that to be the sole issue preserved for our review. *See* Pa.R.A.P. 1925(b)(4)(ii) and (vii).

Our standard of review of a support order is well-settled:

> We review child support awards for an abuse of discretion. A court does not commit an abuse of discretion merely by making an error of judgment. Rather, a court abuses its discretion if it exercises judgment that is manifestly unreasonable or the result of partiality, prejudice, bias, or ill-will as shown by the evidence of record. [An appellate court] will not disturb a support order unless the trial court failed to consider properly the requirements of the rules governing support actions. Additionally, [if the] appeal presents questions of law, . . . "our standard of review is *de novo* and our scope of review is plenary" for such questions.

*Hanrahan v. Bakker*, 186 A.3d 958, 966 (Pa. 2018) (internal citations omitted).

Child support "shall be awarded pursuant to statewide guidelines." 23 Pa.C.S. § 4322(a). In determining the ability of an obligor to provide support, the guidelines "place primary emphasis on the net incomes and earning capacities of the parties[.]" 23 Pa.C.S. § 4322(a). *See also Woskob v. Woskob*, 843 A.2d 1247, 1251 (Pa.Super. 2004) (finding that "a person's support obligation is determined primarily by the parties' actual financial

resources and their earning capacity"). An award of support, once in effect, may be modified via petition at any time, provided that the petitioning party demonstrates a material and substantial change in their circumstances warranting a modification. 23 Pa.C.S. § 4352(a). The burden of demonstrating a "material and substantial change" rests with the moving party, and the determination of whether such change has occurred rests within the trial court's discretion. *Plunkard v. McConnell*, 962 A.2d 1227, 1229 (Pa.Super. 2008). The trial court must consider all pertinent circumstances and base its decision upon facts appearing in the record which indicate that the moving party did or did not meet the burden of proof as to changed conditions. *McClain v. McClain*, 872 A.2d 856, 863 (Pa.Super. 2005).

Much like Father's concise statement, the argument section presented in his appellate brief is rambling, disputatious, and references numerous alleged errors and "lies" in Judge Eaton's Pa.R.A.P. 1925(a) opinion. Appellant discusses various court filings, testimony provided at various hearings, and documentation he claims was submitted to the trial court. However, Appellant fails to make references to the places in the certified record where those items can be found. *See* Pa.R.A.P. 2119(c) ("If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter

referred to appears (***see*** Pa.R.A.P. 2132).").[2]  Appellant's argument section is also devoid of any reference to or discussion of pertinent legal authority.  ***See*** Pa.R.A.P. 2119(a) (stating that the parties' briefs must include a discussion of each question raised on appeal and a "citation of authorities as are deemed pertinent").

While we are mindful that Appellant is proceeding without counsel, his status as a *pro se* litigant does not relieve him "of his duty to properly raise and develop his appealable claims." ***First Union Mortg. Corp. v. Frempong***, 744 A.2d 327, 337 (Pa.Super. 1999).  "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Wilkins v. Marsico***, 903 A.2d 1281, 1284-85 (Pa.Super. 2006).  Moreover, given that the certified record herein exceeds 5,600 pages, we are disinclined to search for the items mentioned by Appellant; nor are we willing to make legal arguments on his behalf. ***See Coulter v. Ramsden***, 94 A.3d 1080, 1088 (Pa.Super. 2014) (holding that "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant.").

Although we could find waiver on these bases, we decline to do so. Instead, we have reviewed the parties' briefs, relevant portions of the certified

---

[2] In the argument section of his brief, Appellant makes a single reference to the reproduced record, wherein he specifies the location of a Physician Verification Form verifying his disability. ***See*** Appellant's brief at 24.

record, the relevant case law and statutory authority, and the trial court's Pa.R.A.P. 1925(a) opinion. Based on that review, we discern no abuse of discretion, and conclude that the trial court adequately and accurately disposed of Father's sole preserved challenge to the support order in its Pa.R.A.P. 1925(a) opinion, which we incorporate herein by reference. On the basis of the trial court's cogent opinion, we therefore affirm the trial court's February 6, 2018 order dismissing Father's exceptions to the November 27, 2017 Report and Recommendation of the hearing officer regarding child support.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2019

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
FAMILY DIVISION

ANDREW HEARY,

      PLAINTIFF,

      VS.

DINA DiCENZO,

      DEFENDANT.

NO. F.D. 07-008810-006
SUPERIOR COURT # 233 WDA 2018

## OPINION

Judge Kim D. Eaton            Date: 4/16/18

Plaintiff Andrew D. Heary (Father) appeals from this Court's February 6, 2018 Order dismissing his Exceptions to the Report and Recommendation of the Hearing Officer dated November 27, 2017 regarding child support.

The parties married in 2000, separated in 2007 and divorced in 2010. They have two children, G████ (DOB 07/█/2004) and C████ (DOB 11/13/2005). Mother is an OB/GYN. Father is disabled. Mother filed a Complaint in Divorce on October 2, 2007. Father filed a Complaint for Custody on October 11, 2007 and a long, arduous and acrimonious custody battle began. The case has a long history of the parties fighting over scheduling, extracurricular activities and certain health issues of the children. In addition to child support, Mother pays $400 per month to Father to defray the costs of his medical expenses.

Father filed a Petition for Modification on September 11, 2017. Neither party motioned the Court to have the matter deemed complex. A hearing was held on

2

November 24, 2017. Father and Mother both appeared and testified. The Hearing Officer set Mother's net monthly income at $23,723 and Father's net monthly income at $2,272. She took into consideration the $400 per month Mother pays to Father for his medical expenses and set a guideline order of $3198 per month. Father filed Exceptions which were denied by Order dated February 6, 2018. Father timely appealed.

In response to an Order issued on February 13, 2018, Father filed a document entitled "Matters Complained of in Appeal." The document is a rambling dissertation on Pennsylvania child support guidelines and contains 28 numbered paragraphs accusing the Court, the Hearing Officer and Mother's counsel of a number of improprieties. The Court considers there to be only one relevant issue raised by Father. Father contends that this is not a guideline support case as Mother earns well over $500,000.00 per year. Alternatively, he seeks a significant upward deviation because the parties are not similarly situated financially and he has extraordinarily high expenses for himself and the children.[1]

The child support guidelines are presumptively correct and the appropriate support award. The presumption is rebutted when the guideline amount is shown to be unjust or inappropriate. McCarty v. Smith, 655 A. 2d 563 (Pa. Super. 1995); Silver v. Pinskey, 981 A.2d 282 (Pa. Super. 2009). The Court is permitted to deviate from the guideline amount due to unusual needs, extraordinary expenses and other factors. Pa.R.C.P. 1910.16-5(b). Since the guidelines assume the parties have reasonable and necessary expenses, only extraordinary expenses of the parties may be considered as a reason for deviation. Ball v. Minnick, 648 A.2d 1192 (Pa. 1989). The presumption is

---

[1] Father raised all the same arguments at a child support hearing before Special Master Peggy Ferber on November 24, 2014 without success. Father appealed that order to both the Superior and Supreme Courts, also without success.

strong that the appropriate amount of support in each case is the amount as determined from the support guidelines. However, where the facts demonstrate the inappropriateness of such an award, the trier of fact may deviate therefrom. This flexibility is not, however, intended to provide the trier of fact with unfettered discretion to, in each case, deviate from the recommended amount of support. Deviation will be permitted only where special needs and/or circumstances are present such as to render an award in the amount of the guideline figure unjust or inappropriate.

The Court agrees with the Hearing Officer that there was an insufficient factual basis for an upward deviation. Mother has a base annual salary of $268,272.00. She inherited a family trust from her mother and has investments in her retirement accounts. Mother has less than $10,000 in her investment account. She pays for health insurance for Father and the children. She employs an au pair at an approximate cost of $1660 per month. She pays Father $400 per month to help with his high medical expenses.

Father collects $1440 in Social Security Disability benefits for himself. Each child receives a derivative benefit of $627 per month which goes to him. In 2016, Father received $190,000 in settlement of an automobile accident which he did not report to Mother. Father claims to be incurring expenses of over $6000 per year for the children's activities, including piano, YMCA membership fees, dance, Mother of Sorrows and school. Father did not have bills or receipts at the hearing to substantiate his claim. Mother has sole legal custody of the children and is responsible for making all decisions regarding extra-curricular activities for the children. Mother agreed that the children could participate in ballet, jazz, piano, guitar and personal training while with Father. Mother pays for the children's activities when they are in her custody, and Father pays

3

for activities during his custody time. Father has not sought reimbursement for any of the expenses he claimed. The last time Mother received a request for reimbursement from Father was in 2013. Father was unable to provide documentation to support the majority of the claimed expenses at the hearing.

Father contends that he was denied a complex support hearing and prohibited from conducting discovery on Mother's income. Father did not bring any evidence to the hearing on the mistaken belief that it was just a "conference" and he anticipated that he would have a complex support hearing at a future date. As the hearing officer correctly pointed out, Father anticipated incorrectly. Father did not request a complex hearing. Father conducted extensive discovery on Mother's income during the divorce proceedings. Father was permitted to question Mother extensively at the hearing about her other income, including investments.

Father correctly points out that Mother did not bring her tax return to the hearing. Mother brought other documentation of her income which she thought was sufficient. The Hearing Officer agreed to hold open the record for 48 hours so that Mother could submit the tax return. The Hearing Officer had Mother's tax return before the recommendation was rendered.

The reasonable needs of the children are being met under the guideline order. The Court found no basis for Mother to pay more in child support than required by the guidelines to sustain Father's untenable financial situation.

4

The Hearing Officer properly determined that this was a guideline support case and that Father was not entitled to an upward deviation.

By the Court:

_____ J.
Kim D. Eaton
Administrative Judge