J-A14032-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERT W. THOMPSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALYSON B. THOMPSON | : | |
| | : | |
| Appellant | : | No. 1356 WDA 2020 |

Appeal from the Order Entered December 18, 2020
In the Court of Common Pleas of Allegheny County Family Court at
No(s): FD 16-02234

BEFORE: MURRAY, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED: AUGUST 16, 2021**

Alyson B. Thompson ("Mother") appeals from the Support Order granting the Petition for modification of child support (the "Support Petition") filed by Robert W. Thompson ("Father"). We affirm.

Mother and Father,[1] are the parents of three children: J. (born in December 2003), L. (born in February 2008), and M. (born in December 2011) (L. and M. collectively referred to as "the Children"). By a Consent Order entered on March 22, 2019, Father and Mother shared legal and physical custody of the Children. Father had sole physical custody of J. Father paid child support to Mother for the Children.

---

[1] Mother and Father married in August 2008, separated in December 2016, and divorced in March 2018.

Father filed a Petition to Modify Custody ("Petition to Modify"), with regard to the Children, on December 13, 2019.  On March 20, 2020, the trial court entered an Interim Custody Order awarding primary physical custody of the Children to Father and restricting Mother's time with the Children.  Trial Court Order, 3/22/20, at ¶ 7.  The trial court further ordered that "Mother shall not consume alcohol while exercising custody of the [C]hildren."  *Id.* at 8.

In June 2020, while awaiting trial on Father's Petition, Mother was involved in an automobile accident.  At the time, Mother was driving while intoxicated, with one of the Children in the automobile.  As a result, on June 16, 2020, the trial court entered an Order suspending Mother's physical custody of the Children.  Trial Court Order, 6/17/20.  The trial court further directed that a custody trial take place on July 13, 2020.  Trial Court Order, 6/17/20.

On July 9, 2020, Father filed a Petition to terminate his support obligation to Mother.  Father additionally filed a Complaint for child support against Mother.  The trial court entered an Interim Custody Order on July 13, 2020, which continued the suspension of Mother's custody of Children.  Interim Order, 7/13/20, ¶ 1.

On October 7, 2020, following a hearing, the trial court entered an unallocated Support Order awarding Father $825.63 per month.  Support Order, 12/18/20.  The trial court further ordered Mother to pay arrearages in

the amount of $5,769.47. **See id.** Mother filed a timely Notice of Appeal of the Support Order, as well as a Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Mother presents the following issues for our review:

I. Did the trial court abuse its discretion in failing to issue a downward deviation in accordance with Pa.R.C.P. 1910.16-5(b) or in otherwise failing to consider, discuss or address the factors supporting a deviation[,] in violation of both the Rules of Court and Pennsylvania case law?

II. Did the trial court err or abuse its discretion in refusing to permit Mother's counsel from developing admissions from Father that he did not need child support but was seeking it solely to spite Mother[?]

Brief for Appellant at 4.

As this Court has explained,

[w]hen evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

**Brickus v. Dent**, 5 A.3d 1281, 1284 (Pa. Super. 2010) (citations omitted).

Furthermore, this Court

must accept [the] findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, this Court must

- 3 -

defer to the trial judge who presided over the proceedings and thus viewed the witnesses first[]hand.

When the trial court sits as fact finder, the weight to be assigned the testimony of the witnesses is within its exclusive province, as are credibility determinations, and the court is free to choose to believe all, part, or none of the evidence presented. This Court is not free to usurp the trial court's duty as the finder of fact.

*Mackay v. Mackay*, 984 A.2d 529, 533 (Pa. Super. 2009) (internal citations and quotation marks omitted); *accord M.E.W. v. W.L.W.*, 240 A.3d 626, 634 (Pa. Super. 2020).

Mother's claims implicate the interpretation of 23 Pa.C.S.A. § 4322(a) and Pa.R.C.P. 1910.16-5(b)(1) and (5). As with all matters of statutory interpretation, we apply the Statutory Construction Act,[2] which instructs that our inquiry must be focused on ascertaining the intent of the General Assembly in enacting the statute under review. *Thompson v. Thompson*, 223 A.3d 1272, 1277 (Pa. 2020). In doing so, we give effect to the plain language of a provision whenever that language is clear and free from ambiguity. 1 Pa.C.S.A. § 1921(b). While we may not ignore unambiguous language under the pretext of pursuing the spirit of the statute, we must always read the words of a statute in context and not in isolation, and give meaning to every provision. *Thompson*, 223 A.3d at 1277. "Our interpretation must not render any provision extraneous or produce an absurd result." *Id.*; *see also* 1 Pa.C.S.A. § 1922(1) (providing that that "the General

---

[2] 1 Pa.C.S.A. §§ 1901-1991.

Assembly does not intend a result that is absurd, impossible of execution or unreasonable.").

Section 4322(a) provides, in relevant part, as follows:

Child and spousal support shall be awarded pursuant to a Statewide guideline as established by general rule by the Supreme Court, so that persons similarly situated shall be treated similarly. The guideline shall be based upon the reasonable needs of the child or spouse seeking support and the ability of the obligor to provide support. In determining the reasonable needs of the child or spouse seeking support and the ability of the obligor to provide support, the guideline shall place primary emphasis on the net incomes and earning capacities of the parties, **with allowable deviations for unusual needs, extraordinary expenses and other factors**, such as the parties' assets, as warrant special attention....

23 Pa.C.S.A. § 4322(a) (emphasis added).

Pennsylvania Rule of Civil Procedure 1910.16-5(b) provides, in relevant part, that, "[i]n deciding whether to deviate from the amount of support determined by the guidelines, the trier of fact shall consider[] (1) unusual needs and unusual fixed obligations; [and] … (5) the relative assets and liabilities of the parties[.]"  Pa.R.C.P. 1910-16-5(b)(1), (5).

Mother first claims that the trial court improperly failed to deviate from the support guidelines in determining her child support obligation.  Brief for Appellant at 12.  Mother contends that, in determining the ability of a parent to provide support, "the guidelines shall place primary emphasis on the net incomes and earning capacities of the parties, with allowable deviations for unusual needs, extraordinary expenses and other factors …." ***Id.*** (emphasis omitted) (quoting 23 Pa.C.S.A. § 4322(a)).  Mother emphasizes that, in

determining whether to deviate from the guidelines, the trial court was required to consider "the unusual needs and unusual fixed obligations," as well as the "relative assets and liabilities of the parties." Brief for Appellant at 13 (quoting Pa.R.C.P. 1910.16-5(b)(1) and (5)).

Mother argues that, although the word "unusual" is not defined by Rule 1910.16-5, the term could refer to expenses that are "weird, bizarre or unheard of[,]" as well as the "amount" of expenses. Brief for Appellant at 14 (emphasis omitted). Mother contends that, "if an obligor's monthly expenses are particularly large in relation to his or her income," or operate so as to leave the obligor living paycheck to paycheck, the expenses may be regarded as "unusual." *Id.*

When Rule 1910.16-5(b)(1) is read in context with 23 Pa.C.S.A. § 4322, Mother argues, "it becomes evident that the drafters of this Rule intended 'unusual fixed expenses' to refer to 'extraordinary expenses,' which naturally relates to the amount of expenses, not the type." Brief for Appellant at 14. According to Mother, the phrase "the ability of the obligor to provide support" is instrumental in understanding the deviation factors, and more particularly, the term "unusual fixed expenses." *Id.* at 15.

Basically, Mother argues that she has "unusual fixed expenses," as her expenses for insurance, telecommunications, rent, heat, water, and electric leave her with $386.50 per month upon which to live, an amount that does not include groceries. *Id.* at 15-16. Mother discusses the Pennsylvania

Supreme Court's decision in **Colonna v. Colonna**, 855 A.2d 648 (Pa. 2004), wherein the Supreme Court explained that it "would be remiss in failing to ignore the reality of what happens when children are required to live vastly different lives depending upon which parent has custody on any given day." Brief for Appellant at 19-20. Mother claims that the trial court's Support Order is manifestly unreasonable and confiscatory, as it leaves her "underwater" every month. **Id.** at 19. Further, Mother posits, "[t]his is precisely the predicament that the deviation factors at Rule 1910.16-5(b) and the Supreme Court in **Colonna** was attempting to resolve." Brief for Appellant at 19.

Child support payments are motivated by the best interests of the child, not the parents. **See Kimock v. Jones**, 47 A.3d 850, 854 (Pa. Super. 2012) (recognizing that "the purpose of child support is to promote the child's best interests."). In support cases, "there is a rebuttable presumption that the amount of an award for support which results from the application of the Support Guidelines is correct." **M.E.W. v. W.L.W.**, 240 A.3d 626, 636 (Pa. 2020) (citation omitted). Nevertheless, "where the facts demonstrate that this award is unjust or inappropriate, the trier of fact has the discretion to rebut that presumption and deviate from the guidelines." **Id.** (citation omitted).

> This flexibility is not, however, intended to provide the trier of fact with unfettered discretion to, in each case, deviate from the recommended amount of support. **Deviation will be permitted only where special needs and/or circumstances are**

**present such as to render an award in the amount of the guideline figure unjust or inappropriate.**

*McCarty v. Smith*, 655 A.2d 563, 565 (Pa. Super. 1995) (emphasis added) (quoting *Ball v. Minnick*, 648 A.2d 1192, 1195-96 (Pa. 1994)).

Upon our review of the record, we discern nothing unjust or inappropriate in requiring Mother to pay support commensurate with the guideline amount. As the trial court explained in its Opinion,

> Mother argues that [the trial court] erred in failing to give proper consideration to Mother's evidence of Mother's expenses and obligations. She contends that "simple grade-school arithmetic" reveals that Mother is unable to make the payments. As a practical matter, Mother must recognize that she has three children to support, and Father's net monthly income of $3,426 is not particularly lavish to meet this responsibility either. From a legal standpoint, the Legislature has made it clear that, as a default, "[c]hild … support shall be awarded pursuant to a Statewide guideline … so that persons similarly situated shall be treated similarly." 23 Pa.C.S.[A.] § 4322(a). ***See also*** 23 Pa.C.S.[A.] § 4322(b) (noting guideline amount must be presumed correct except upon proof relating to factors delineated by the state supreme court). **Moreover, the guidelines themselves were crafted with the reasonable expenses of the obligor in mind and were meant to obviate the very type of case-by-case analysis of expenses that Mother seeks.** ***See***, ***e.g.***, ***Ball***[,] 64 A.2d [at] 1197 … (observing that "the trier of fact need not, nor should he or she, consider in the first instance, the actual expenses of the parties in an effort to establish the reasonable needs of a particular child.").
>
> Mother also contends that she has unusual expenses, which should have resulted in a downward deviation from the guidelines amount for child support. The law does provide for "deviations for unusual needs, extraordinary expenses and other factors, such as the parties' assets, as warrant special attention." 23 Pa.C.S.[A.] § 4322(a). However, Mother has not offered evidence of any such expenses; rather she lists mundane expenses for her mortgage (for which she pays $900 per month to live in a home owned by her sister and brother-in-law), an electric bill, gas bill, water bill,

- 8 -

WiFi, car insurance and gasoline, prescriptions ($50 per month) and court-ordered supervised visitation, which she states is now $112.50 per month. With the exception of the latter, which is an expense necessitated by Mother's conduct and which should not be borne by the [C]hildren, these expenses are typical. Indeed, if such expenses were cause for deviation from the guidelines, the guidelines would quickly lose their primary role in determining support. Mother repeatedly asserts that she cannot pay the guideline amount as a matter of mathematics, but in this situation, the law calls for adaptation by the parent[,] because the [R]ules of [C]ivil [P]rocedure make the "support of a … child […] a priority obligation so that a party is expected to meet this obligation by adjusting his or her other expenditures." Pa.R.C.P. 1910-16.1(a)(4).

Trial Court Opinion, 1/19/21, at 4-5 (some citations omitted, emphasis added). We agree with and adopt the trial court's analysis and conclusion, as set forth above. *See id.* We additionally observe the following.

In *Colonna*, which Mother cites in her appellate brief, the Pennsylvania Supreme Court held that a parent with primary custody may be ordered to pay child support to a parent with partial custody, where the parent with primary custody has a far greater income than the parent with partial custody. *Colonna*, 855 A.2d at 652. Our Supreme Court held that, in such cases of great disparity in income, where the primary custodial parent has the higher income,

the trial court should inquire whether the non-custodial parent has sufficient assets to provide the children with appropriate housing and amenities during his or her period of partial custody. We specifically note that the term "appropriate" does not mean equal to the environment the children enjoy while in the custodial parent's care, nor does it mean "merely adequate." The determination of appropriateness is left to the discretion of the trial court, upon consideration of all relevant circumstances.

*Id.*

Although Mother claims that visitation with Children may soon take place at her home, it had not yet taken place at the time of the support hearing. As it is not part of the certified record, we may not consider it in this appeal. *See Keystone Tech. Grp., Inc. v. Kerr Grp., Inc.*, 824 A.2d 1223, 1228 n.6 (Pa. Super. 2003) (stating that "[i]t is axiomatic that an appellate court is limited to considering only those facts which have been duly certified in the record on appeal and, for purposes of appellate review, what is not of record does not exist."). Further, addressing any deviation in the Children's standard of living, should custody change, would be premature at this time.

Mother next claims that the hearing officer/trial court improperly precluded her from presenting evidence related to Father's motive for seeking child support. Brief for Appellant at 21. Mother disputes the hearing officer's determination that "Father's motivation in seeking child support, as well as his earlier statements that he 'did not need' and 'would not seek' child support, but did so anyway to spite Mother, were irrelevant." *Id.* (citation omitted). According to Mother, "Father should not be permitted or rewarded for—by his own admission—using Pennsylvania's child support scheme as a means to 'spite' Mother." *Id.* at 22.

A decision about the admissibility of evidence is "within the sound discretion of the trial court, and we will not reverse the court's decision absent a clear abuse of discretion." *Parr v. Ford Motor Co.*, 109 A.3d 682, 690 (Pa.

Super. 2014). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.*

Here, the trial court agreed with the hearing officer that evidence of Father's motivation for seeking support was irrelevant in determining whether a deviation from the support guidelines was warranted:

> These factors [for determining a deviation from the guidelines, as set forth in Pa.R.C.P. 1910.16-(5)(a),] do not include the motivation of the parent seeking support, which, in any case, can change or be multifaceted. Here, Father testified that the [C]hildren's expenses have increased. Regardless, the courts have made clear that an alleged lack of need is not a basis for a downward deviation from the support guidelines. *See*, *e.g.*, *Ileiwat v. Labadi*, 233 A.3d 853, 860-63 (Pa. Super. 2020) (the guidelines are presumed correct in both spousal and child support cases and evidence that a spouse could clearly meet her needs with a downward deviation did not support actually making the downward deviation because this lack of need was not an appropriate factor for consideration under Rule 1910.16-(b)). *See also Ball*, 648 A.2d [at] 1196-97 (reversing a decision to allow a downward deviation in child support for two children[,] where parents had modest incomes and finding that [the] "trial court's primary reason for deviating from the support guidelines was that the basic needs of the children could be met by a payment of less than the guideline amount. This is an impermissible basis for deviating from the guidelines.") Lastly, while the guideline support will surely straining Mother's budget … Father's net monthly income of $3,426 is not particularly bountiful to support himself and three children, and thus it is hard to imagine that the [C]hildren had no need for the supplemental support.

Trial Court Opinion, 1/19/21, at 6-7 (some citations omitted).

The trial court's findings are supported in the record and its legal conclusion is sound. We therefore affirm on the basis of the trial court's findings and conclusions, as set forth above, as to Mother's second claim of error. ***See id.*** Accordingly, we affirm the Order of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2021