# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| MICHAEL HANRAHAN, | : | No. 899 MAL 2016 |
| | : | |
| Petitioner | : | |
| | : | Petition for Allowance of Appeal from |
| | : | the Order of the Superior Court |
| v. | : | |
| | : | |
| | : | |
| JEANNE BAKKER, | : | |
| | : | |
| Respondent | : | |

## ORDER

**PER CURIAM**

    **AND NOW**, this 3rd day of May 2017, the Petition for Allowance of Appeal is **GRANTED**. Issues (a) and (b) as set forth below are to be **ARGUED**. Issue (c) will be **SUBMITTED** on the briefs. The issues, as stated by petitioner, are:

(a) Whether the Superior Court erred on an issue of first impression and substantial public importance by affirming the trial court's misinterpretation of the Pennsylvania Supreme Court's high income support guideline, Pa.R.C.P. 1910-16.3.1 (the "Guideline")? The misinterpretation is that (a) the Pennsylvania Supreme Court, through Pa.R.C.P. 1910.16-3.1 and Ball v. Minnick, 648 A.2d 1192 (Pa. 1994), eliminated the statutory requirement of 23 Pa.C.S. § 4322(a) that high income child support awards be based on the reasonable needs of the children; and (b) reasonable needs is no longer the governing standard for, or even a relevant factor in, determining high income child support under the three-step process of Pa.R.C.P. 1910.16-3.1(a) and the factors in Rule 1910.16-5(b)[.]

(b) In holding that the trial court abused its discretion by granting a downward deviation of approximately 4% of the $2.5 million Father

placed in an irrevocable non-grantor trust for the two children, did the Superior Court err by ruling, as a matter of first impression and substantial public importance, that a voluntary contribution to a trust can never be a relevant factor in determining child support?

(c) Did the Superior Court depart from accepted judicial practice, thereby justifying the exercise of the Pennsylvania Supreme Court's supervisory authority, when the Superior Court made a premature and incorrect holding that the trial court abused its discretion in denying Mother an award of attorney[']s fees where the trial judge and the Superior Court decided issues for and against both parties, both courts acknowledged that Father had never stopped paying child support, and the Superior Court remanded for a redetermination of support?