J-S01033-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JP MORGAN CHASE BANK N.A., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GREGORY PALUMBO AND LISA PALUMBO, | : | |
| | : | |
| | : | |
| Appellants | : | No. 2413 EDA 2019 |

Appeal from the Order Entered July 16, 2019
in the Court of Common Pleas of Delaware County
Civil Division at No(s): CV-2012-001389

BEFORE:   BOWES, J., KUNSELMAN, J. and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.:          **FILED FEBRUARY 25, 2020**

Gregory[1] and Lisa Palumbo (Appellants) appeal *pro se* from the order entered on July 16, 2019, which denied Appellants' petition to set aside a sheriff's mortgage foreclosure sale and execution.  We affirm.

We provide the following background.  "On February 16, 2001, [Appellants] executed a mortgage and a note with [Appellee] JP Morgan Chase Bank, NA (the Bank)."  Trial Court Opinion, 10/2/2019, at 1-2. "[Appellants] defaulted on the mortgage in August 2010." *Id*. at 2.  On February 12, 2012, the Bank filed a complaint in mortgage foreclosure against Appellants.  Summary judgment was granted in the Bank's favor on

_____

[1] Gregory Palumbo is an attorney whose license was suspended temporarily on August 9, 2018.

[*] Retired Senior Judge assigned to the Superior Court.

December 15, 2015,[2] and Appellants filed a notice of appeal to this Court. This Court affirmed the judgment entered in the trial court, and our Supreme Court denied Appellants' petition for allowance of appeal. *JP Morgan Chase Bank N.A. v. Palumbo*, 158 A.3d 178 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 168 A.3d 1291 (Pa. 2017).

Subsequently, the Bank began the process of taking the property at issue to sheriff's sale. On February 23, 2017, the Bank praeciped for a writ of execution in this case. That writ was sent via regular mail to, *inter alia*, Appellants. The sheriff's sale was scheduled for June 16, 2017. "On June 15, 2017, [Appellants] filed via [their attorney], Michael P. Forbes, Esquire, an Emergency Petition to Postpone the Sheriff's Sale." Trial Court Opinion, 10/2/2019, at 2. "In addition, Attorney Forbes appeared at the June 16, 2017 hearing on this [p]etition and argued on [Appellants'] behalf before the [t]rial [c]ourt." *Id*. At that hearing, Attorney Forbes argued in favor of postponement[3] and also contended that there was an issue with service. It was his position that the writ had to be served by the sheriff, and Appellants had only received it via regular mail. *See generally* N.T., 6/16/2017. The

_____

[2] "In an action for mortgage foreclosure, the entry of summary judgment is proper if the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount." *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. 1998).

[3] According to Attorney Forbes, Gregory Palumbo's father was willing to liquidate assets in order to satisfy the arrearages on the mortgage, but needed an additional 120 days to do that. N.T., 6/16/2017, at 3-4.

trial court granted the continuance, and Appellants then filed for bankruptcy.[4]  The bankruptcy was dismissed on May 24, 2018, and the sheriff's sale was rescheduled for October 19, 2018.  In preparation, the Bank praeciped for a writ of execution on June 29, 2018.  That writ was sent via regular mail to Appellants in the care of Attorney Forbes as attorney for Appellants.  After two more postponements, the sheriff's sale finally occurred on January 18, 2019.

On February 17, 2019, Appellants filed a petition to set aside the sheriff's sale.  According to Appellants, who were then represented by Attorney John Hickey, the writ was served improperly on Attorney Forbes who was no longer counsel of record.  It was Appellants' position that the writ had to be served on Appellants.  Thus, Appellants argued that the sheriff's sale must be set aside. N.T., 5/30/2019, at 4-5.  The Bank contended that because Attorney Forbes filed a petition, argued on behalf of Appellants in 2017, and never withdrew his appearance, service on Attorney Forbes was proper. *Id*. at 8.

On July 16, 2019, the trial court denied Appellants' petition to set aside the sheriff's sale.  Appellants filed a motion for reconsideration, which was denied.  Appellants timely filed a notice of appeal, and both Appellants and the trial court complied with Pa.R.A.P. 1925.

_____

[4] The trial court did not rule on the service-related issue.

On appeal, Appellants contend the trial court abused its discretion by denying the petition to set aside the sheriff's sale. Appellants argue the sheriff's sale should be set aside because the sheriff's returns of service for the writ do not appear in the record as they were never filed with the Prothonotary.[5] **See** Appellants' Brief at 15. We consider this issue mindful of the following.

> A petition to set aside a sheriff's sale is grounded in equitable principles[.] The burden of establishing grounds for relief rests with the petitioner.
>
> ***
>
> The decision to set aside a sheriff's sale is within the sound discretion of the trial court, and we shall not reverse its decision on appeal absent a clear abuse of discretion. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or [the judgment is] the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused.

**Wells Fargo Bank N.A. v. Zumar**, 205 A.3d 1241, 1244-45 (Pa. Super. 2019) (internal citations and quotation marks omitted).

_____

[5] We first consider whether this issue was waived, as "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). The primary issue at the hearing was whether service on Attorney Forbes was proper. N.T., 5/30/2019, at 9-12. The issue of the sheriff's returns was addressed briefly, when the trial court requested that the Bank produce the returns, and the Bank could not locate them. **Id**. at 8-9. Nevertheless, Appellants preserved the issue regarding the returns of service in their petition to set aside sheriff's sale and in their Pa.R.A.P. 1925(b) statement, and we consider this issue *infra*.

In Pennsylvania, mortgage foreclosures are governed by Pa.R.C.P. 3180-3183. A judgment in mortgage foreclosure "shall be enforced by a writ of execution." Pa.R.C.P. 3180. Issuance of the writ of execution shall be in conformance with Pa.R.C.P. 3103(a) (providing that "[e]xecution shall be commenced by filing a praecipe for a writ of execution with the prothonotary") and (e) (requiring the prothonotary to "transmit [the writ] to the sheriff to whom it is directed or upon plaintiff's request deliver it to the plaintiff or plaintiff's representative for transmittal") and 3015. **See** Pa.R.C.P. 3181(a)(1). Furthermore, sheriff's returns of service are governed by Pa.R.C.P. 3139(a)(1), (c), and (d), and do not require a return to be filed until after the execution proceedings.[6] **See** Pa.R.C.P. 3181(a)(12).

"Service of the writ shall be made by the sheriff."[7] Pa.R.C.P. 3182. The note to that rule clarifies that "[s]ervice of the writ upon the mortgagor or real owner is **not** required but notice of the sale is required by Rule 3129.1." Pa.R.C.P. 3182 (Note) (emphasis added). Rule 3129.1 provides that no sale shall take place until the plaintiff files "with the sheriff the affidavit required

_____

[6] Based upon this rule, Appellants' contention that the sale should be set aside because no return was filed prior to execution is without merit. Appellants' Brief at 15 (arguing the sheriff's failure to file a return rendered any notice of sale defective).

[7] Notably, this rule does not require service of the writ in conformity with Pa.R.C.P. 3108. Thus, Appellants' argument that this sale should be set aside for violation of that rule is without merit. **See** Appellants' Brief at 14-15 (arguing Pennsylvania law requires service of the writ in a mortgage foreclosure action pursuant to Pa.R.C.P. 3108).

by subdivision (b) and the notice required by Rule 3129.2 has been served." Pa.R.C.P. 3129.1(a).

Instantly, the certified record reveals that on June 29, 2018, the Bank filed a praecipe for writ of execution. On the same day, the certified record shows the Bank filed an affidavit in compliance with Pa.R.C.P. 3129.1(b). Finally, on July 16, 2018, the certified record contains a certification of mailing to Appellants[8] and lienholders pursuant to Pa.R.C.P. 3129.2. These documents together satisfy the issuance, service, and notice requirements of a writ of execution for a mortgage foreclosure pursuant to the aforementioned rules. ***See also*** Trial Court Opinion, 10/2/2019, at 7-9 (concluding that service of both the writ and notice of sale were proper). Accordingly, we agree with the trial court that Appellants are not entitled to relief and conclude the trial court did not abuse its discretion in denying Appellants' petition to set aside the sheriff's sale.

Order affirmed.

---

[8] This notice was sent to Attorney Forbes. Even though at the hearing Appellants argued that service on Attorney Forbes was improper, they do not make that argument on appeal. Even if they did make that argument on appeal, it would not entitle them to relief, as we agree with the trial court that service on Attorney Forbes was proper because he never withdrew his appearance. ***See*** Trial Court Opinion, 10/2/2019, at 9.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/20